[No. 3,036.]

J. E. BLETHEN AND V. P. TERRY v. FRANCIS BLAKE, JAMES MOFFITT, J. C. KYTE, AND J. S. ANDERSON.

CONFLICTING TESTIMONY—FACTS PRESUMED.—Where there is a substantial conflict in the testimony, all material facts upon which evidence was introduced will be presumed in favor of the judgment.

CONSTRUCTION OF CONTRACT.—In a contract for the erection of a building where there was a clause providing that the payments should be made in installments upon the certificate of the architect that the materials and labor had been furnished in accordance with the plans and specifications: Held, that the clause as to the production of the certificate was for the benefit of the owners of the building, and that they might waive it at their option and accept other proofs of the required fact.

BREACH OF CONTRACT RELIED UPON AS DEFENSE, TO BE AVERRED.—In an action against the owner of a building to enforce a mechanics' lien thereon, brought by a party who has furnished materials to the contractor for the construction of the building, the defendant, in order to avail himself of a breach of the contract by the contractor, must make it a part of his defense by proper averments in his answer.

APPEAL from the District Court of the Third Judicial District, County of Alameda.

The defendants Blake and Moffitt owned a lot in the City of Oakland, and the defendant Kyte contracted to erect a wooden building upon the lot for them, and to furnish all the material. The plaintiffs were engaged in the manufacture of sash, blinds, and other wood work for buildings, and at the request of Kyte they furnished materials and performed labor of the value of one thousand and thirty dollars and sixty-eight cents, for the building. Kyte paid them five

hundred dollars, and failing to obtain payment of the balance, the plaintiffs brought this action to enforce a lien upon the building.

When Kyte made the contract for the construction of the building, he gave bonds to defendants Blake and Moffitt, with sureties, to secure them against liens, and to insure the faithful performance of the contract.

The answer contains no averments of a breach of the contract by Kyte, in failing to show payment of bills he had made, and in making the sub-contract with defendants for materials.

The case was tried by the Court without a jury. The plaintiffs put in evidence the contract between Kyte and the defendants Blake and Moffitt. It contains a clause which requires the work to be done " to the satisfaction and under the direction of H. C. Macy, architect and superintendent, to be testified by a writing or certificate under the hand of said architect or superintendent." The contract then provides for payments to the contractor by installments as the work progresses, and continues: " Provided that in each of said cases a certificate be obtained and signed by the said H. C. Macy, stating that materials and labor have been furnished as per contract, plans, and specifications, and the payment is then due to the party of the second part (Kyte); the party of the second part to show the bills as paid on each payment before the next certificate of acceptance is given; party of the second part to make no sub-contract without consent of party of the first part, as being approved by them."

The Court rendered judgment for the plaintiffs. No written finding of facts were filed. The appeal is taken by the defendants Blake and Moffitt, from the judgment and from an order denying them a new trial.

*Campbell, Fox & Campbell,* for Appellants, argued that the contract protected the defendants from liens; that Kyte could not have recovered without producing the certificate showing payment of bills made by him, and showing the consent of defendants to the sub-contract, and that the plaintiffs stand in the same condition. (*Shaver* v. *Murdock,* 36 Cal. 293; *Bowen* v. *Aubrey,* 22 Cal. 566.)

*C. A. Tuttle* and *S. F. Gilchrest,* for Respondent.

We have the fact found by the Court that the building was completed by Kyte (for it was an issue), so that the defense is narrowed down to the point, does the failure of the architect to give a certificate which it was his duty to give, defeat a right of recovery? But the question of the certificate is new matter, set up in the answer, and is deemed denied by the complaint; and the judgment in favor of plaintiffs is a finding that the certificate was given.

By the Court, NILES, J.:

The plaintiffs sued to enforce a lien upon the building of defendants for an amount due them for materials furnished for the building to Kyte, an original contractor. The contract between Kyte and the defendants was in writing, and is set forth in the transcript. It is averred in the complaint that the building was completed by Kyte, and accepted by the defendants, and that there was due from them to Kyte an amount more than sufficient to pay the plaintiffs' demand. The defendants, by their answer, deny that the building was completed by Kyte in accordance with the terms of the contract, or that any sum is due him thereon, and allege specially, as a breach of the contract upon his part, that he failed to procure a certificate from one Macy, the defendants' architect, stating that materials and labor

had been furnished in accordance with the plans and specifications, and that payment was due.

There was a substantial conflict in the testimony. Applying the rule, which we have frequently announced, we shall presume in favor of the judgment all material facts upon which evidence was introduced. We assume, therefore, that the building was completed by Kyte in accordance with the terms of the contract, and that it was accepted by the defendants. The further fact that there is due to Kyte from the defendants, upon the contract, a sum more than sufficient to pay the plaintiffs' demand, is distinctly found by the Court.

The clause of the agreement, which required a certificate from the architect, merely provided a method by which the defendants might satisfy themselves that Kyte had fully performed the contract. The provision was for the benefit of the defendants. They could waive it at their option, and receive other proofs of the required fact. That Kyte did complete the building in accordance with the contract is an inference from the judgment itself. The entry of the defendants into the possession and enjoyment of the building is sufficient evidence that they were satisfied of this fact. The production of the certificate would have accomplished nothing more.

If it was the purpose of the defendants to claim that the failure of Kyte to show payment of the former bills, or that his sub-contract for materials, without the consent of the defendants, was a breach of his contract with them, they should have made it a part of their defense by proper averments in their answer.

Judgment and order affirmed.