[No. 5501.]

JAMES McGUIRE v. E. QUINTANA and THE CAL-
IFORNIA BRIDGE AND BUILDING COMPANY
ET AL.

PLEADING VIOLATION OF CONTRACT.—In an action by a sub-contractor against
the contractor and owner, to recover for the value of materials furnished
the contractor in the erection of a building, the owner, if he relies for a
defense on the fact that the building was not finished by the contractor
according to the contract, must plead the same specially in his answer.

APPEAL from the District Court, First Judicial District,
County of San Luis Obispo.

Defendant Quintana in May, 1875, contracted with the de-
fendant, the California Bridge and Building Company, to con-
struct for him a building for the sum of $19,780. The Bridge
and Building Company bought from the plaintiff material of the
value of $690.84, which it used in the construction of the build-
ing. This was an action to recover the value of the same, and
to enforce a lien on the building for the amount. The owner,
Quintana, alone answered.

On the trial the defendant Quintana offered to prove that he
had paid the contractor, the Bridge Company, the full amount
of the contract price, less $2,000, and that the building was not
finished according to the contract, and that he had sustained
damage in the sum of $3,518 by reason of the failure to do the
work according to the contract.

The plaintiff objected to so much of the evidence as tended
to show damage for failure to comply with the contract, because
the same had not been pleaded, and the Court sustained the ob-
jection. The Court rendered judgment for the plaintiff, and
enforced a lien against the property. The defendant Quintana
appealed. The other facts are stated in the opinion.

*William J. Graves*, for the Appellant.

The offered evidence should have been received. It tended
to show that nothing was due to the contractor, the Bridge Com-
pany. (Pomroy's Rem. Rights, sec. 700; *Frisch* v. *Caler*, 21
Cal. 71; *Fairchild* v. *Amsbaugh*, 22 Cal. 575.)

*Harrison & McMurtry,* for the Respondent.

A breach of contract and damages under it must be specially pleaded. (*Blethen* v. *Blake,* 44 Cal. 117; *Piercy* v. *Sabin,* 10 Cal. 22; Philips on Mechanics' Liens, sec. 424.)

By the COURT:

The answer of the defendant was a general denial—nothing more. It was not competent for him to prove, under an answer of that character, "that the buildings were not finished by the contractor according to the contract," etc. (*Blethen* v. *Blake,* 44 Cal. 117.)

Judgment affirmed. Remittitur forthwith.