[S. F. No. 736.   Department Two.—November 2, 1897.]

## MICHALITSCHKE BROTHERS AND COMPANY, Respondents, v. WELLS, FARGO AND COMPANY, Appellants.

COMMON CARRIERS—SEALED PACKAGES—FAILURE TO STATE VALUE—RECEIPT LIMITING LIABILITY.—A stipulation in a receipt given by a common carrier for a sealed package stating that the common carrier shall not be held liable for any amount exceeding fifty dollars for loss or damage on any shipment, unless its true value is stated therein, is valid, and exonerates the carrier from greater liability for loss, when the value of the property is not named, in all cases not involving gross negligence, fraud, or willful wrong on the part of the carrier or his servant.

ID.—CONSTRUCTION OF STIPULATION—AGREEMENT AS TO VALUE.—A stipulation limiting the liability of the carrier to a specified sum in case of loss or damage, where the value of a package is not stated, does not constitute an agreement as to the value of the package, but the implication is to the contrary.   [Per Temple, J., and Henshaw, J.   McFarland, J., contra.]

ID.—CONSTRUCTION OF CODE—POWER OF CARRIER TO LIMIT LIABILITY—EXCEPTIONS.—Sections 2175 and 2176 of the Civil Code must be read together, and, as so read, the law is that a carrier may limit his liability for packages, the value of which is not stated, except when the loss or damage results from the gross negligence, fraud, or willful wrong of himself or his servant; and for loss or damage so caused, he cannot thus exonerate himself.   [Per Temple, J., and Henshaw, J.   McFarland, J., contra.]

ID.—ACTION FOR LOSS BY CARRIER—PLEADING—ANSWER—NEW MATTER—LIMITATION OF LIABILITY.—In an action against a common carrier to recover the value of goods shipped, but not delivered, a stipulation relieving the carrier from its ordinary liability for the actual value of the goods, and specially limiting its liability beyond a specified sum, is new matter constituting a defense within the meaning of section 437 of the Code of Civil Procedure, and must be specially pleaded; and it is error to sustain a demurrer to such defense.

ID.—PLEADING — NEGLIGENCE—GROSS NEGLIGENCE.—A complaint averring merely that the defendant "wrongfully and negligently failed to deliver" certain packages committed to it as a common carrier, does not show that the loss occurred through "gross negligence" within the meaning of section 2175 of the Civil Code.

ID.—GROSS NEGLIGENCE, MATTER OF EVIDENCE IN REPLY.—Gross negligence is matter of evidence in reply to the defense of a stipulation limiting the liability of a common carrier, and of replication in pleading; and the law permits proof of it as though it were pleaded by a replication; and, upon proof of it, the plaintiff is entitled to recover the value of the packages which the defendant failed to deliver, notwithstanding the stipulation.   [Per Temple, J., and Henshaw, J.   McFarland, J., contra.]

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. A. A. Sanderson, Judge.

The facts are stated in the opinion of Mr. Justice McFarland.

E. S. Pillsbury, for Appellant.

By the acceptance of the receipt with the knowledge of its terms, the plaintiffs are held to have assented and agreed to all the terms and conditions therein contained, including the condition limiting the liability in case of loss to a specified sum, which is a valid and binding contract. (*Bank of Kentucky v. Adams Exp. Co.*, 93 U. S. 174, 175, 188; *Grace v. Adams*, 100 Mass. 505; 97 Am. Dec. 117; 1 Am. Rep. 131; *Belger v. Dinsmore*, 51 N. Y. 166; 10 Am. Rep. 575; *Oppenheimer v. United States Exp. Co.*, 69 Ill. 62; 18 Am. Rep. 596; *Ballou v. Earle*, 17 R. I. 441; 33 Am. St. Rep. 881; *Pacific Exp. Co. v. Foley*, 46 Kan. 457; 26 Am. St. Rep. 107; *Hart v. Pennsylvania R. R. Co.*, 112 U. S. 331; *Durgin v. American Exp. Co.*, 66 N. H. 277; *Smith v. American Exp. Co.*, (Mich. 1896), 66 N. W. Rep. 479; *Brehme v. Adams Exp. Co.*, 25 Md. 328; *Graves v. Lake Shore etc. R. R. Co.*, 137 Mass. 33; 50 Am. Rep. 282; *Zimmer v. New York Cent. etc. R. R.*, 137 N. Y. 460; *St. Louis etc. Ry. Co. v. Weakly*, 50 Ark. 397; 7 Am. St. Rep. 104; *New Jersey Steam Nav. Co. v. Merchants' Bank*, 6 How. 397; *N. Y. C. R. R. Co. v. Lockwood*, 17 Wall. 357; *Tyly v. Morrice*, Carth. 485; *Gibbon v. Paynton*, 4 Burr. 2298; *Clay v. Willan*, 1 H. Black. 298; *Clarke v. Gray*, 6 East, 564; *Nicholson v. Willan*, 5 East, 507; Civ. Code, sec. 2176; *Scammon v. Wells, Fargo & Co.*, 84 Cal. 311; *California Powder Works v. Atlantic etc. R. R. Co.*, 113 Cal. 329.) The limitation of liability to the sum specified is valid and binding, even in cases of actual negligence. (*Hart v. Pennsylvania R. R. Co.*, supra; *Primrose v. Western Union Tel. Co.*, 154 U. S. 15; *Hill v. Boston etc. R. R. Co.*, 144 Mass. 284; *Zimmer v. New York etc. R. R. Co.*, supra; *Smith v. American Exp. Co.*, supra; *Pacific Exp. Co. v. Foley*, supra; *Ballou v. Earle,* supra; *Brehme v. Adams Exp. Co.*, supra; *Duntley v. Boston etc. R. R. Co.*, 66 N. H. 263; 49 Am. St. Rep. 610; *Durgin v. American Exp. Co.*, supra; *St. Louis etc. Ry. Co. v. Weakly*, supra; *Zouch v. Chesapeake etc. Ry. Co.*, 36 W. Va. 524; *Richmond etc.*

R. R. Co. v. Payne, 86 Va. 481; Louisville etc. R. R. v. Sherrod, 84 Ala. 178; Western Ry. Co. v. Harwell, 91 Ala. 340; Greenhood on Public Policy, 517.) The contract limiting the liability was new matter, and properly pleaded as such. (Missouri Pac. R. R. Co. v. Wichita etc. Co., 55 Kan. 525; Atchison etc. R. R. Co. v. Ditmars, 3 Kan. App. 459; Atchison etc. R. R. Co. v. Bryan (Tex. Civ. App. 1895), 28 S. W. Rep. 98.) The allegation of negligence in the complaint added nothing to the cause of action, and presented no material issue. (Jackson v. Sacramento Valley R. R. Co., 23 Cal. 268; Hooper v. Wells, Fargo & Co., 27 Cal. 11, 26; 85 Am. Dec. 211; Bohannan v. Hammond, 42 Cal. 227; Knowles v. Seale, 64 Cal. 377; Louvall v. Gridley, 70 Cal. 507; Malone v. County of Del Norte, 77 Cal. 217.) Under the Civil Code it requires " gross negligence" to except the carrier from limited liability, which is distinct from mere " negligence." (Civ. Code, sec. 2175; Redington v. Pacific Postal etc. Co., 107 Cal. 317; 48 Am. St. Rep. 132.) It does not require an expressly stipulated value in order to the limiting of liability to a specified amount, where no value is stated. (Pacific Exp. Co. v. Foley, supra; St. Louis etc. Ry. Co. v. Weakly, supra; Zouck v. Chesapeake etc. Ry. Co., supra; Richmond etc. R. R. Co. v. Payne, supra; Western Ry. Co. v. Harwell, supra; South etc. R. R. Co. v. Henlein, 52 Ala. 606; 23 Am. Rep. 578; Calderon v. Atlas Steamship Co., 69 Fed. Rep. 574; Squire v. New York etc. R. R. Co., 98 Mass. 239; 93 Am. Dec. 162; Clarke v. Gray, supra; Nicholson v. Willan, supra; Civ. Code, sec. 2176.) Knowledge of the nature of the goods shipped is immaterial. (Levi v. Waterhouse, 1 Price, 280; Marsh v. Horne, 5 Barn. & C. 322.)

Vogelsang & Brown, for Respondents.

The sustaining of the demurrer was not prejudicial, because the facts pleaded could have been proved under the general issue. (Brown v. Kenfield, 50 Cal. 129; Colorado etc. R. R. Co. v. Blake, 3 Colo. 417, 418; Illinois Cent. R. R. Co. v. Johnson, 34 Ill. 393; Vaden v. Ellis, 18 Ark. 355; Chambers County v. Clews, 21 Wall. 317; Ohio etc. Ry. Co. v. Nickless, 73 Ind. 382.) The defendant could not stipulate for exemption from the consequences of its own negligence. (Hart v. Pennsylvania R. R. Co., 112 U. S. 331–38; Bank of Kentucky v. Adams Exp. Co., 93 U. S. 174;

*N. Y. C. R. R. Co. v. Lockwood,* 17 Wall. 357; *Liverpool etc. Co. v. Phenix Ins. Co.,* 129 U. S. 397.) In the following cases cited by appellant, excluding liability, even in case of negligence, there was an expressly stipulated value: *Ballou v. Earle,* 17 R. I. 441; 33 Am. St. Rep. 881; *Durgin v. American Exp. Co.,* 66 N. H. 277; *Smith v. American Exp. Co.,* 66 N. W. Rep. 479; *Brehme v. Adams Exp. Co.,* 25 Md. 334, 335; *Zimmer v. New York etc. R. R. Co.,* 137 N. Y. 460, 462; *Hart v. Pennsylvania R. R. Co, supra; Western Ry. Co. v. Harwell,* 91 Ala. 340. The rule must be confined to cases of misrepresentation of value, or an agreed value, estopping the shipper. (*L. & N. R Co. v. Wynn,* 88 Tenn. 320.) The receipt is not an agreement of value, and is not a defense to an action based on negligence. (*Eells v. St. Louis Ry. Co.,* 52 Fed. Rep. 903; *Scruggs v. Baltimore etc. R. R. Co.,* 18 Fed. Rep. 318; *Schwarzchild v. National S. S. Co.,* 74 Fed. Rep. 257, 259; *Railway Co. v. Wynn, supra.*) In the absence of an agreed value expressly named or an actual inquiry made under the facts presented in this case, the carrier is deemed to have waived a statement of valuation. (*Rathbone v. New York etc. R. R. Co.,* 140 N. Y. 48, 52, 53; *Orndorff v. Adams Exp. Co.,* 3 Bush, 194, 197; 96 Am. Dec. 207; Lawson on Carriers, sec. 93, pp. 93, 94. See *Galt v. Adams Exp. Co.,* McAr. & M. 124.) Under section 2175 of the Civil Code, the law precludes the carrier from contracting beforehand in favor of its exoneration from liability for gross negligence. The weight of modern authority holds that the term "gross" is merely a vituperative epithet, and, after all, the expression means only the absence of the care that is requisite under the circumstances. (*Wilson v. Brett,* 11 Mees. & W. 113; *Wild v. Pickford,* 8 Mees. & W. 443; *Sager v. Portsmouth R. R. Co.,* 31 Me. 236; 50 Am. Dec. 659; *N. Y. C. R. R. Co. v. Lockwood,* 17 Wall. 357; 16 Am. & Eng. Ency. of Law, 426, 427; Campbell on Negligence, sec. 11; Lawson on Carriers, secs. 129, 130, pp. 162–68; Civ. Code, Deering's ann. ed., sec. 2175, note on Gross Negligence.)

McFARLAND, J.—It is averred in the complaint that plaintiffs, through their agents Seidenberg & Co., delivered to defendant at the city of New York four certain packages of cigars, of the

value of six hundred and twenty-five dollars which defendant, a common carrier, received and agreed to deliver to plaintiff at the city of San Francisco; that defendant wrongfully and negligently failed to deliver said cigars to plaintiffs, to their damage in the sum of six hundred and twenty-five dollars and interest.

The defendant in its answer denied the averments of the complaint, and also set up a separate defense, to which plaintiffs interposed a general demurrer. Judgment was rendered for plaintiffs for six hundred and twenty-five dollars, which was the full value of the cigars, and defendant appeals from the judgment, bringing up only the judgment-roll. The question presented is, whether or not the court erred in sustaining the said demurrer.

In that part of the answer to which the demurrer was sustained it is averred that the four packages were received by appellant to be carried and delivered to respondents at San Francisco upon the terms and conditions stated in a certain written contract of carriage accepted by respondents at the time the packages were received by appellant. The contract is set out and made part of the answer; and that part of it which is material here is as follows: "Received from Seidenberg & Co. four (4) pkgs. said to contain cigars, valued at ———. Addressed, Michalitschke Bros. & Co., San Francisco, Cal. . . . . Wells, Fargo & Company shall not be held liable for loss or damage . . . . for any amount exceeding fifty dollars on any shipment unless its true value is herein stated." It is further averred in the answer (substantially) that at the time of accepting said contract respondents had full knowledge of the terms of said contract; that the true, or any, value of the contents of said packages, or of either of them, was never named or stated to appellant, and appellant had no knowledge thereof until after they had been destroyed by fire; that appellant believed that the value of any one of said packages did not exceed fifty dollars, and, acting on that belief, made a reduced charge for their transportation; and that appellant would have made the regular charge for transportation, which would have been greater than the one charged, if it had known that the value of the contents of the packages was as great as that stated in the complaint. By the answer appellant admitted its liability in the sum of two hundred dollars—fifty dollars for each package—and offered to allow respondents to take judgment for that amount.

The demurrer should have been overruled. If the averments in the answer as to the separate defense be true, then a judgment based upon a valuation of the cigars exceeding fifty dollars a package could not be sustained. We presume that the demurrer was sustained upon the grounds that a common carrier cannot, by contract with a customer, relieve himself from responsibility for his own negligence, and that the contract set up in the answer is void because contrary to legal policy. But the rule established by the weight of the authorities is, that where goods done up in packages are received by a carrier for transportation he cannot be held responsible, in case of loss, for damages beyond the value of the goods as agreed upon with the shipper; and, furthermore, that an instrument in writing such as that set up in the answer, and made under the circumstances therein detailed, constitutes a contract as to such value. This rule is fair and just. It would be unreasonable for a shipper to expect his packages to be carried for a compensation based upon an agreed valuation much less than the actual value, and then, in case of loss, recover the full value. As common carriers are insurers, and are liable for all losses, whether caused by their negligence or not, except those which are the result of an act of God or a public enemy, they are certainly entitled to know the value of goods concealed in packages; and where, in such a case, the shipper agrees to a certain value, he should not be heard, in case of loss, to claim a greater value. Such a contract is fair and reasonable, and is not contrary to public policy. It is not a contract which relieves the carrier from responsibility for his own misbehavior; he is liable in case of loss for the value of the packages as agreed to by the shipper, and upon which value he pays a reduced compensation for the carriage. Limitation as to value does not excuse negligence. In *Hart v. Pennsylvania R. R. Co.*, 112 U. S. 341, the supreme court of the United States, after declaring that such a contract is not a violation of public policy, say: "On the contrary, it would be unjust and unreasonable, and would be repugnant to the soundest principles of fair dealing and of the freedom of contracting, and thus in conflict with public policy, if a shipper should be allowed to reap the benefit of the contract if there is no loss, and repudiate it in case of loss."

We do not deem it necessary to cite here the numerous English

and American authorities with which counsel for appellant has enriched his briefs, and which support the above statement of the law, for our own code fully declares the rule above stated.   We will simply cite the following out of the many cases, both ancient and modern, referred to in the briefs.   (*Tyly v. Morrice*, Carth. 485; *Nicholson v. Willan*, 5 East, 507; *Hart v. Pennsylvania R. R. Co.*, *supra; Primrose v. Western Union Tel. Co.*, 154 U. S. 15; *Scammon v. Wells, Fargo & Co.*, 84 Cal. 311.)

The proposition that respondents by accepting the receipt contracted that appellant should not be liable for more than fifty dollars for each package, unless the value was stated in the instrument, is amply sustained by the authorities cited by appellant; but we need not review those authorities, because that proposition, as well as the general rule above stated, is expressly declared by the Civil Code of this state.   Section 2176 of that code—leaving out matters not pertinent here—is as follows: "A . . . . consignor or consignee, by accepting . . . . a bill of lading, or written contract for carriage, with a knowledge of its terms, assents to the rate of hire, the time, place, and manner of delivery therein stated; and also to the limitation stated therein upon the amount of the carrier's liability in case property carried in packages, trunks, or boxes is lost or injured when the value of such property is not named."   This provision is not changed or modified by section 2175 or 2200, or by any other section of the code.

Respondents' contention that appellant could have proved its second or separate defense under its general denials of the averments of the complaint, and that, therefore, it was not injured by the sustaining of the demurrer, is not maintainable.   At common law, a great many things could be proven under the general issue; but under our system a special defense must be specially pleaded, and a general denial puts in issue only the material averments of the complaint.   In the case at bar, only the reception of the goods by the carrier, their loss and their actual value, were at issue under the general denial; and as to the issue of value the appellant, under that denial, could only have proven, if he had been able to do so, that the real value was less than the amount stated in the complaint.   It could not have proved that it was not to be liable for the full value if such value turned out to be more than that named in the special contract.   Its ordinary liability as

a common carrier was that stated in the complaint; and a special contract which relieved it from that liability was "new matter constituting a defense" within the meaning of section 437 of the Code of Civil Procedure. (*Piercy v. Sabin*, 10 Cal. 22; 70 Am. Dec. 692; *Glazer v. Clift*, 10 Cal. 304; *Coles v. Soulsby*, 21 Cal. 47; *McGuire v. Quintana*, 52 Cal. 427; *McCreery v. Duane*, 52 Cal. 262; *Etcheborne v. Auzerais*, 45 Cal. 125; *Perine v. Teague*, 66 Cal. 446; *Missouri Pac. R. R. Co. v. Wichita etc. Co.*, 55 Kan. 525; *Atchison etc. R. R. Co. v. Ditmars*, 3 Kan. App. 459; *Atchison etc. R. R. Co. v. Bryan* (Tex. Civ. App. 1895), 28 S. W. Rep. 98.)

Respondents lay stress upon the fact that the court found that the goods were lost "through the negligence of the defendant"; but we do not see how this finding has, in the case at bar, any significance. In the first place, the case comes here upon a ruling which sustained a demurrer to the answer; and, if it be at all material to inquire if the loss was caused by the negligence of the carrier, it is averred in the answer that the goods were destroyed by fire "without any carelessness or negligence whatever on the part of defendant." In the second place, the averment and finding of negligence were immaterial and surplusage. The general liability of the appellant as a common carrier would be the same whether guilty of negligence or not; and when there is a special contract, such as that set up in the answer, the measure of liability is not changed by the fact that the carrier's negligence caused the loss. In *Hart v. Pennsylvania Ry. Co., supra* (approved in *Primrose v. Western Union Tel. Co., supra*), the United States supreme court, speaking of such a contract, say: "Even in case of loss or damage by the negligence of the carrier, the contract will be upheld as a proper and reasonable mode of securing a due proportion between the amount for which the carrier may be responsible and the freight he receives, and of protecting himself against extravagant and fanciful valuations." Section 2175 of the Civil Code has no application here; the court did not find "gross" negligence, and, moreover, by the contract the carrier did not attempt to exonerate itself from gross negligence, or from any negligence. The contract merely dealt with the value of the packages for which appellant was to be absolutely responsible, in case of loss, as an insurer.

We cannot presume, as respondents ask us to do, that notwithstanding the sustaining of the demurrer, the appellant offered evidence of the matters averred in the answer, that the respondents did not object, or that if they did object, the court erroneously overruled their objections. The doctrine of intendments in favor of a judgment cannot be stretched that far.

The judgment is reversed, with direction to the court below to overrule the demurrer to the answer.

TEMPLE J., concurring.—I concur in the judgment, but I do not agree that the conditions expressed in the bill of lading amount to an agreement as to the value of the packages. I think the implication is exactly the reverse, to wit, that because the value is not stated and is therefore unknown, the carrier will not be liable for loss or damage for any sum exceeding fifty dollars. For this reason this case is not within the cases cited upon this subject by Mr. Justice McFarland.

I do not question the proposition that a common carrier is exonerated by such a stipulation, except in the cases mentioned in section 2175 of the Civil Code. Sections 2175 and 2176 must be read together, and, so read, the law is that a carrier may limit his liability for packages, the value of which is not stated, except when the loss or damage results from the gross negligence, fraud, or willful wrong of himself or his servant; and for loss or damage so caused he cannot thus exonerate himself.

It may be true that to agree upon the value of the goods to be carried is not to limit the liability of the carrier, and, hence, the materiality of the consideration here. I contend, as already stated, that the agreement here not only is not an agreement as to the value, but plainly implies that no such agreement has been made.

The complaint does not show that the loss occurred through the "gross" negligence of the defendant. I do not see how under the code we can say that there is no difference between "negligence" and "gross negligence." Had gross negligence been averred, the averment could not have been held immaterial, save upon the theory that proof of such negligence would be matter of rebuttal in evidence and of replication in pleading, and I think such is the case.

The defendant is charged with the violation of its duty as a common carrier. The answer sets up a special contract, limiting

its liability.  I think this plea was necessary, and that the demurrer was improperly sustained.  Had the demurrer been overruled, the law would have permitted proof of gross negligence, as though it had been pleaded by a replication, and, in case such gross negligence had been shown, in my opinion the plaintiff would have been entitled to recover.

Henshaw, J., concurred.