G. F. CULMER, WILLIAM H. CULMER, AND H. L. A. CULMER, PARTNERS, PLAINTIFFS *v.* ANNIE HOOPER-CAINE, CORA HOOPER, F. M. WRIGHT, DUVALL & MILLS, F. W. KRAFFT, W. F. CADY AND F. W. GRAY, DEFENDANTS.

FINDING — PERFORMANCE OF CONTRACT — WHAT INCLUDES. EVIDENCE NOT BEFORE APPELLATE COURT — PRESUMPTION AS TO FINDINGS. MECHANICS' LIEN — NOTICE — SUFFICIENCY OF — UNDER CHAP. 30, S. L. 1890—EFFECT OF INCORRECT STATEMENT OF INDEBTEDNESS. CONTINUOUS WORK—SEPARATE CONTRACTS— WHEN LIEN ATTACHES—SEC. 17, CHAP. 30, S. L. 1890. SUMMONS SERVICE OF — WITHIN WHAT TIME — SEC. 3203 C. L. U. 1888 — PROOF OF SERVICE—SEC. 3203 C. L. U. 1888—SERVICE OF SUMMONS ON CROSS-COMPLAINT — UNNECESSARY — UNDER SEC. 3231 C. L. U. 1888 — CROSS-COMPLAINT — SERVED WITHIN REASONABLE TIME — DISCRETION OF TRIAL JUDGE. FORECLOSURE MECHANIC'S LIENS — CROSS-COMPLAINANTSTS CONCLUDED BY THEIR PLEADINGS—AS TO AMOUNT CLAIMED — TIME LIEN DATES FROM.

ON CROSS-APPEAL.

INTEREST RECOVERABLE AS DAMAGES — DISCRETION OF TRIAL COURT—LACHES. EVIDENCE—NOT IN RECORD ON APPEAL—GENERAL RULE AS TO FINDINGS.

*Finding—Performance of Contract—What Includes.*

> A finding that a contract was performed in all its terms and requirements, includes all the conditions and provisions of the contract.

*Evidence not Before Appellate Court—Presumption as to Findings.*

> When the evidence is not before the trial court it will be presumed that the findings are supported by the evidence.

*Mechanic's Lien—Notice—Sufficiency of—Under Chap. 30, S. L. 1890—Effect of Incorrect Statement of Indebtedness.*

> Under the provisions of Chap. 30, S. L. 1890 a notice of mechanic's lien containing a notice of the intention to claim a lien, a description of the property to be charged, an abstract of indebtedness showing the whole amount of the debt and credit, and the balance due, or to become due, with a verification by one of the claimants is sufficient, and under Sec. 14 of said chapter an incorrect statement of the amount due does not invalidate the claim unless made in bad faith.[1]

*Continuous Work—Separate Contracts—When Lien Attaches—Sec. 17, Chap. 30, S. L. 1890.*

> Under the provisions of Sec. 17, Chap. 30 S. L. 1890, where the work was continuous the lien attached even if the work was done or materials furnished under separate contracts.

*Summons—Service of—Within what Time—Sec. 3203 C. L. U. 1888—Proof of Service—Sec. 3203 C. L. U. 1888.*

> Sec. 3203 C. L. U. 1888 does not require the service of summons within the year, but the summons is required to be issued within a year from the filing of the complaint, and under said section and Sec. 3204 C. L. U. 1888, a sufficient proof of service is the defendant's endorsement to that effect.

*Service of Summons on Cross-Complaint—Unnecessary—Under Sec. 3231 C. L. U. 1888.*

> It was not necessary to have a summons issued and served on a cross-complaint filed under Sec. 3231 C. L. U. 1888; nor to serve the cross-complaint within one year from the time of the filing of the original complaint.

*Cross-complaint—Served Within Reasonable Time—Discretion of Trial Judge.*

> The time for serving a cross-complaint not being fixed by statute, it should be served within a reasonable time, and what

---

[1] *Garner* v. *Van Patten*, 20 Utah, 342.

is a reasonable time is within the discretion of the trial court and a finding by such court supported by evidence will be upheld.

*Foreclosure Mechanic's Liens—Cross-complainants Concluded by their Pleadings — As to Amounts Claimed — Time Lien Dates From.*

In a mechanic's lien foreclosure, cross-complainants must be held as concluded by their claim as set up in their pleading and they cannot recover more than they asked, but the lien may relate back to the commencement of work or first furnishing of materials.[1]

ON CROSS-APPEAL.

*Interest Recoverable as Damages — Discretion of Trial Court — Laches.*

Where interest is recoverable, not as a part of the contract, but by way of damages, the giving or withholding of interest is largely in the discretion of the court and laches of parties may be considered in the award.

*Evidence — Not in Record on Appeal — General Rules as to Findings.*

Where the evidence is not before the court on appeal, the general rule is that the correctness of findings will not be questioned, except in so far as they are contradictory or conflicting.

(Decided June 9, 1900).

Appeal from the Third District Court Salt Lake County. Hon. Ogden Hiles, *Judge.*

Action to foreclose mechanic's lien. From a judgment in favor of the plaintiffs and certain defendants, the defendants Caine and Hooper appealed and the defendants Duvall and Mills prosecuted a cross appeal. Decree of the District Court affirmed and the cross appeal dismissed.

---

[1] *Morrison* v. *Carey-Lombard*, 9 Utah, 70.

*Messrs. Rawlins, Thurman, Hurd & Wedgwood,* for appellants Caine and Hooper.

Sub-contractors can have no higher or greater rights against the owner than the contractor. The contract with the latter measures and limits the rights of both. Phillip Mec. Liens, Secs. 58, 62, 143; Boisot on Mec. Liens, Sec. 228.

There is a fatal variance between the allegations of the cross-complaint, which sets forth a special written contract specifying the contract price, and the notice of lien, (a) the former is a claim by individuals, the latter by a partnership; (b) the former sets up an express contract to pay $16,636.00, the latter claim for labor and material, ('a *quantum valebant*), $18,363.58, "which was the reasonable value thereof." And the notice is not signed or verified by the plaintiffs, or either of them. Boisot Mech. Liens, Sec. 560; *Malone* v. *Min. Co.*, 76 Cal. 578.

The notice of lien is strictly construed. Phillip Mech. Liens, Sec. 20.

It is sought by parol testimony to supplement and explain the notice of lien—to make it cover the contract sued on.

That fatal defects cannot be so cured. Boisot Mech. Liens, Sec. 440.

The notice only specifies stone and brick work and plastering. Extra work or laying cut stone are not mentioned.

While work or material furnished under separate contracts may be embraced within a single notice, as to each contract, the notice must set forth a correct abstract of indebtedness, and must be filed within forty days after the time when the last work was done or material furnished

under each.   *Central Trust Co.* v. *Ry.*, 54 Fed. Rep. 598; Laws 1890, p. 26, Sec. 11.

The proposition is fundamental that no court can enter a judgment against any one or his estate until after due notice by service of process to appear and defend.   *Hollingsworth* v. *Barbour*, 4 Pet. (U. S.) 466; see also *Pennoyer* v. *Neff*, 98 U. S. 714; *Harkness* v. *Hyde*, 98 U. S. 476; *St. Clair* v. *Cox*, 106 U. S. 350.

The acknowledgment of the receipt of a copy of the answer and cross-complaint did not amount to a voluntary appearance by Wright, nor confer upon the court jurisdiction of his person.   *Butterworth* v. *Hill*, 114 U. S. 128; 2 Ency. Pl. & Prac., 638–9.

*Messrs. Breeze & Burris*, and *Messrs. Dey & Street*, for respondents Duvall & Mills.

The claim of a fatal variance between the cross-complaint and the notice of lien is imaginary.

The cross-complaint is entirely consistent with the statement of lien.

(2) Our statute is broadly favorable towards *liberal construction* of notices; (a) Sec. 14.   "It shall be sufficient to address either of said notices to all whom it may concern, and *any informality* in any such statement that shall not *tend to mislead*, shall *not affect the validity* thereof."   (b) Sec. 14 continues: "*No* incorrect estimate in *any* such statement of the *amount* due, or to become due, * * * shall *affect the validity of any such statement*, unless such incorrect estimate be made *in bad faith*."   See Phillips' Mechanic's Liens, Sec. 355.

In California service of a cross-complaint for affirmative relief against a co-defendant, was allowed even after an appeal to the Supreme Court, where that court ordered

a new trial. *Hibernia Savings & L. Co.* v. *Fella*, 54 Cal. 598.

Sec. 3258 2 Comp. Laws 1888, and Sec. 3008 Rev. Stat. 1898, provide: "The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

Jurisdiction of the persons of the defendants was acquired by the service of the original summons, and jurisdiction of the subject-matter of the lien-claim of Duvall & Mills was acquired by the filing of the answer and cross-complaint. 16 Am. & Eng. Enc. Law, 791–2.

After Wright accepted service of the summons a service by mail upon him of any subsequent paper in the case was sufficient. 2 Comp. Laws 1888, Sec. 3677; *Luck* v. *Luck*, 83 Cal. 576.

### STATEMENT OF FACTS.

On May 2, 1890, F. M. Wright, principal contractor, contracted with defendants Caine and Hooper, to erect the Hooper Block in Salt Lake City, at a total contract price of $49,874. Respondents Duvall & Mills contracted with Wright to do the foundation work, rubble stone work and brick work for $16,636, to be paid at 85 per cent. weekly estimates, the final payment to be made when the contract was completed. Subsequently other contracts were made for work on the building. The work was completed on March 1st, 1891. Duvall & Mills, the joint contractors, filed a lien for $2812.31, and served notice of the same upon Caine and Hooper and Wright. On December 15, 1891, the plaintiffs Culmer Brothers, filed an action against the appellants Caine and Hooper

and F. M. Wright, principal contractor, and Duvall & Mills sub-contractors, and the cross-complainants in said action, and others for the foreclosure of a mechanic's lien which they claimed upon the property on which the Hooper Building was erected, and on the 2d day of January, 1892, said plaintiffs filed a supplemental complaint for the foreclosure of the mechanic's lien, alleged to have been assigned to them by the defendant F. W. Krafft. In the meantime, however, after the filing of the service of the Duvall & Mills' notice of lien, and while the time for the bringing of a suit thereon had not expired, the defendants Caine and Hooper, with actual notice that Duvall & Mills claimed a lien, effected a settlement of all matters arising out of the construction of said Hooper Block upon disputed items of account between themselves and F. M. Wright, by paying a compromise sum to Wright in July 1891.

On February 1, 1892, the cross-complainants, Duvall & Mills, filed their answer and cross-complaint, to the said supplemental complaint of plaintiffs, and claimed a lien upon said property to secure the payment of $2,812.81, the balance due them. The cross-complainants failed to serve said cross-complaint, or any copy thereof, upon the defendants Hooper and Caine, until the 1st of October, 1896, and until said time they were not aware of and had no notice that the said cross-complaint had been filed, or of the pendency thereof, and in the meantime Wright, the principal contractor, had become insolvent and had left the state, and his sureties had also become insolvent. No service of the cross-complaint was made upon Wright, but in October, 1896, the attorneys for the cross-complainants mailed him a copy of the cross-complaint at Butte, Montana, and he accepted service on the back thereof, as follows: "Received a copy of the within answer and cross-complaint. (Signed) F. M. Wright."

Defendants Caine and Hooper, in October, 1896, moved to dismiss the cross-complaint on account of laches and want of prosecution, which was overruled by the court.

Upon the trial of the cause the lower court rendered its judgment and decree in favor of said cross-complainants, Duvall & Mills, and against the appellants Cooper and Caine for the sum of $1,798.20, and costs, but without interest, from which judgment and decree the said appellants appeal to this court.

After stating the facts, MINER, J., delivered the opinion of the court.

The appeal in this case is taken from the judgment. No bill of exceptions was settled, or testimony returned.

1. Appellants first contention is that the cross-complaint does not set forth the contract between Wright, the contractor, and the owners of the property, Caine and Hooper, either in terms or legal effect, and no compliance with the terms of the contract is alleged as required by Sec. 2, and 10, Ch. 30, Sess. Laws, 1890, p. 25.

Upon an examination of the record we find that the cross-complaint was amended so as to obviate the objection made, and that as amended it was in compliance with the statute of 1890, prior to the change in its provisions in 1894, as held in *Morrison* v. *Inter-mountain Salt Co.*, 14 Utah, 201. The case of *Morrison, Merrill & Co.* v. *Willard*, 17 Utah, 306, was applicable to Sec. 1372 R. S. 1898.

It is true that the sub-contractor can have no higher or greater right against the owner than the contractor. The contract with the latter measures and limits the rights of both. Boisot on Mech. Liens, Sec. 228; Phillips on Mech. Liens, Secs. 58, 62, 143.

2. Appellants also contend that no compliance with the

provisions of the contract requiring that the work was to be done to the satisfaction of the architect, to be evidenced by his certificate is shown.

With reference to this objection the court found that Duvall & Mills, the cross-complainants, "fully completed all work contracted to be performed on said building, under said sub-contract, in accordance with the requirements and terms of said sub-contract on the 1st day of March, 1891." This is a finding of the ultimate facts which included within its terms a certificate from the architect, and rendered it unnecessary for a finding of the particular evidentiary facts with reference to the actual proof of the architect's certificate. The finding that the contract was performed in all its terms and requirements, included all the conditions and provisions of the contract.

When evidence is not before the appellate court it will be presumed that the findings were supported by the evidence. *Blethen* v. *Blake*, 44 Cal. 117.

If the owner or principal contractor intended to insist upon their rights to a final certificate from the architect, they could have notified the contractor, and if the certificate was refused, they could properly refuse payment for that reason. Besides the findings show that the principal contractor agreed with the sub-contractor upon the amount due, showing a balance of $2,812.30, due the sub-contractor after the completion of the work. *Bannister* v. *Patty*, 35 Wis. 215; *Blethen* v. *Blake*, 44 Cal. 117.

3. Appellants third contention is that there is a fatal variance between the allegations of the cross-complaint wherein the contract price is specifically alleged at $16,636 and the notice of the lien claimed $18,363.58, that being the reasonable value for labor and materials furnished, and that the former was by individuals, and the latter by a partnership, and that the notice was not signed or sworn

to. Upon an examination we find that the notice or statement for a lien was subscribed Duvall & Mills, by Richard Duvall, and was sworn to by Duvall, one of the claimants and joint contractors. The claim was properly sworn to and the jurat was sufficient under the provisions of Sec. 10, Ch. 30, Laws of 1890. Neither Sec. 10, 15, or 17, Ch. 30 Laws of 1890, required the statement to contain the conditions of the contract, or that the several contracts should be separately stated. The statement was required to contain a notice of the intention to claim a lien, a description of the property to be charged, an abstract of indebtedness showing the whole amount of the debt and credit, and the balance due, or to become due, with a verification of one or all of the claimants, or by some one for them. The notice or statement contained sufficient facts to justify a lien under the statute as it then existed. By Section 14, an incorrect statement of an amount due did not invalidate it unless made in bad faith. Phillips on Mech. Liens, Sec. 355; *Garner* v. *Van Patten*, 58 Pac. Rep. 684, 20 Utah 342.

Appellants fourth contention is untenable. The notice was in compliance with Sections 10 and 17, Sess. Laws 1890, and it was not necessary to state the amount of work done or materials furnished, and amount due on each of the separate contracts. Under Sec. 17, where the work is continuous the lien attaches even if the work is done or materials furnished under separate contracts. The notice complied with Sec. 10, and stated the total amount of debt and credit, and the balance due.

5. The appellants contend that the notice for lien was not filed within 40 days from the last day of doing work and furnishing materials.

We find that the notice of lien was filed March 28, 1891. The complaint, as amended, alleges the completion of the

22 Utah—15.

contract, last work done, and materials furnished March 1, 1891. The notice was filed within 40 days from the completion of the contract as required by the statute. Under this head appellants also contend that under Sec. 21 no lien shall hold the property longer than one year after filing the statement unless an action be commenced within that time to enforce the same; that the statement was filed March 21, 1891, and that the cross-complaint of Duvall & Mills was filed to enforce the contract February 1, 1892, but that no summons was ever issued on the cross-complaint or service had thereof until October 1, 1896, either upon Wright, the principal contractor, or the defendants Caine and Hooper, and that Wright had never appeared; that a purported copy of the cross-complaint was mailed to Wright at Butte after October, 1896, and returned endorsed "Received a copy of the within," and signed by Wright, but no proof of Wright's handwriting is shown, and that by reason of the delay defendants have lost all means of indemnity against Wright and his bondsmen on account of the intervening insolvency of Wright and his bondsmen; that the action was not commenced within the year as required by Sec. 21; that under Sec. 31, Ch. 30, Laws of 1890, the practice is declared to be in accordance with the code of civil procedure; that Sec. 305 of said code ( being Sec. 3221 C. L. U. 1888) provides that "the cross-complaint must be served upon the parties affected thereby, and such parties may demur or answer thereto as to the original complaint."

Upon an inspection of the record we find that the original summons was issued December 15, 1891, and personally served on Duvall & Mills on January 7, 1892, together with a copy of the complaint. A stipulation was filed February 1st giving Duvall & Mills until February 1st, 1892, in which to answer. On that day they appeared

and filed their answer and cross-complaint. The notice of lien was recorded on March 28, 1891. The answer and cross-complaint was filed within the year. Defendant Wright admitted service on the back of the summons, as follows: "I hereby accept service of the within summons this 8th day of January, 1892. (Signed) F. M. Wright." On October 1, 1896, the answer and cross-complaint was mailed to Wright at Butte, Montana, by the attorneys for the cross-complainants, and at their request he wrote on the back thereof, the following: "Received a copy of the within answer and cross-complaint. F. M. Wright." The same was thereafter filed. No service of the cross-complaint, or copy thereof, was made upon the defendants Caine and Hooper until October 1st, 1896.

As to the service of the summons on Contractor Wright we are of the opinion that his admission of service as it appears on the back of the summons in the principal case, was sufficient proof of service of the summons in that case under Sec. 3203 and 3204, C. L. U. 1888. Personal service of the original summons was also made upon Caine and Hooper.

In our opinion the provisions of Sec. 3293, does not require service of summons within the year, but the summons is required to be issued within the year from the filing of the complaint. The summons on the original complaint was issued within the year and service had. From the time of the service of the summons as stated the court had acquired jurisdiction of the parties and control of all the subsequent proceedings in that case. Sec. 3214 C. L. U. 1888.

Sec. 3231, C. L. U. 1888, provides: "Whenever the defendant seeks affirmative relief against any party relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to

which the action relates, he may in addition to his answer, file at the same time, or by permission of the court, subsequently, a cross-complaint. The cross-complaint must be served upon the parties affected thereby, and such parties may demur or answer thereto as to an original complaint."

Caine and Hooper, Duvall & Mills and Contractor Wright were all made defendants and served with summons in the original case. They were all before the court. As to these parties it was not necessary that summons be issued on the filing of the cross-complaint of Duvall & Mills, but it was necessary that the cross complaint should be served upon Caine and Hooper and Wright, as they were parties affected by the allegations thereof. This cross-complaint was served, but not until October, 1896. Until such service the court would have jurisdiction over the parties but not over the subject-matter involved in said cross-complaint, so as to be able to determine the rights of the parties thereunder. *White v. Patten,* 87 Cal. 151.

Sec. 3231 does not require the cross-complaint to be served within one year from the time of filing the complaint. It may be filed at the same time with the answer, or by permission of the court it may be filed at a subsequent date, and it must be served upon the parties affected thereby, and such parties may demur or answer thereto as to an original complaint. The cross-complaint by Duvall & Mills was filed Feb. 1, 1892, less than one year following the date of filing the notice of lien. The cross-complaint was therefore filed within one year from the time of filing the statement or notice of lien under the requirements of Sec. 21, Ch. 30, Laws 1890.

The time for serving the cross-complaint is not fixed by

statute, but no unreasonable delay should be allowed for service thereof. It should be served within a reasonable time. What was a reasonable time in this case was a question within the discretion of the trial court.

The motion of defendants Caine and Hooper to dismiss the cross-complaint for laches in the service thereof, and for want of prosecution was denied. We are not disposed to question this ruling. The cross-complaint was served long before the time of the trial, and defendants Caine and Hooper filed their answer thereto. The parties and the subject-matter was before the court, and the issue was determined against Caine and Hooper. C. L. U. 1888, Secs. 3214, 3678, 3231.

In *Hibernia Sav. & Loan Soc.* v. *Fella, et al.*, 54 Cal, 598, the supreme court set aside a judgment in favor of the cross-complainant, because the cross-complaint was not served, and the case was remanded with instructions to allow the defendant to serve her answer and cross-complaint upon the defendants affected thereby, after which they were to try the issues. The answer by way of cross-complaint set up matters involving the defendants' right to a judgment lien upon the property in question.

As to the proof of the signature of the defendant Wright to the admission of the service of the cross-complaint on him, the findings show that the admission of service was signed by defendant Wright. This finding is presumed to be supported by the evidence. C. L. U. 3214, 3678.

6. Appellants claim that the lien does not relate back to the time when the first work was done, as the notice simply claims a lien on the premises for $2,812.31, with legal interest, from the time of the completion of the contract, which is alleged to be March 31, 1891.

The cross-complainants must be held as concluded by their claim as set up in their complaint and cross-complaint. They claim a lien from the date of the completion of their contract, which was alleged to be March 31, 1891.

Under the statute, however, the lien may relate back to the time of the commencement of the work and the furnishing of materials. *Morrison* v. *Carey-Lombard*, 9 Utah, 70; Sess. Laws, 1890, Secs. 1 and 19, Ch. 30.

### CROSS-APPEAL OF DUVALL & MILLS.

In this case Duvall & Mills, the cross-complainants, recovered a judgment lien for the sum of $1,798.20, against Caine and Hooper, but without interest to the date of the decree. Duvall & Mills appeal from the judgment, and claim that the court erred in not awarding interest at eight per cent. from March 1, 1891, the date as alleged when the contract for work and material was completed, and ask a modification of the decree in this and other respects.

The court, by its findings, allows $1,798.20, as the just sum for which Duvall & Mills were entitled to a lien under their sub-contract, for material furnished and labor performed, but without interest.

Interest is given in money demands as damages for delay in payment. When it is reserved expressly in the contract, or is implied by nature of the premises, it becomes part of the debt and is recoverable as of right, but when it is given as damages, it is often a matter of discretion. Where the interest is recoverable, not as a part of the contract, but by way of damages, if the plaintiff has been guilty of laches in unreasonably delaying the prosecution of his case, of unreasonable delay in filing his cross-complaint, or other unreasonable and unnecessary.

delay, it may properly be withheld, although the plaintiff may be entitled to recover the principal sum due him. The giving or withholding of interest being, under the circumstances, largely in the discretion of the court, it had a right to take into consideration the facts of the delay and laches, if any, of Duvall & Mills in filing their cross-complaint, and for that reason withhold interest and allow damages. *Stewart* v. *Schell*, 31 Feb. Rep. 65; *Redfield* v. *Ystalfera Iron Co.*, 110 U. S. 174; *Adams Express Co.* v. *Milton*, 11 Bush 49; *Baum* v. *Dalzell*, 3 C. & P. 356.

The findings show that Duvall & Mills delayed the service of their cross-complaint for about four years after it was filed. It is quite probable that the trial was delayed for this cause, although there is no finding to this effect, the fact of the delay appears. The court could properly refuse to grant interest because of such laches, and yet find in plaintiff's favor for the amount of damages due on their contract. It appears, however, that there is no bill of exceptions in this case, and there is no testimony before this court. In such case the general rule is that where the evidence is not before the court on appeal, the correctness of the findings will not be questioned, except in so far as they are contradictory or conflicting. 2 Enc. of P. & Pr. p. 487; *Morrow* v. *Sanders*, 77 Wis. 77; *Clayball* v. *Hennessey*, 2 Ill. App. 124.

The court found that Duvall & Mills were entitled to a lien for $1798.20, without interest. This being the finding of an ultimate fact, without contradiction, and there being no evidence before this court, the presumption follows that the findings are supported by evidence that would justify the court in withholding interest on the amount of the lien prior to the date of the decree. *Blethen* v. *Blake*, 44 Cal. 117; *Smith* v. *Acker*, 52 Cal.

217; *Smith* v. *James*, 131 Ind. 131; *Perry* v. *Quackenbush*, 105 Cal. 299.

We find no merit in the other assignments of error contained in the cross-appeal.

Upon the whole record we are of the opinion that the appeal of Duvall & Mills should be dismissed, with costs to defendants Caine and Hooper, and that the decree of the district court should be affirmed, with costs, to the cross-complainants Duvall & Mills, and it is so ordered.

BARTCH, C. J. and BASKIN, J. concur.