First National Bank of Omro, Appellant, vs. Frank and others, Respondents.

*March 25—April 9, 1907.*

*Pleading: Cross-complaint: Affirmative relief against plaintiff: Who may demur: Sufficiency: Rights as between defendants liable on note.*

1. A cross-complaint under sec. 2656a, Stats. (1898), by all the defendants except one L., praying, among other things, that if plaintiff have judgment it be provided therein that execution be issued first against said L. and not against the other defendants until the remedy against L. be exhausted, demands affirmative relief against the plaintiff.

2. Even though a cross-complaint does not demand affirmative relief against the plaintiff he may demur thereto, under sec. 2658, Stats. (1898). The clause in sec. 2656a providing that the party against whom affirmative relief is demanded may demur was intended to make it certain that a codefendant affected by the relief sought should have that right, which is not elsewhere given.

3. In an action upon a promissory note, facts showing that as between the defendants one of them should pay the note and that in case the judgment cannot be collected from him the others should be subrogated to the plaintiff's right are sufficient for a cross-complaint.

Appeal from an order of the circuit court for Portage county: Chas. M. Webb, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *Hanna & Sicklesteel,* and for the respondents on that of *McFarland & Murat.*

Winslow, J.     This is an action upon a promissory note for $500 executed by the defendant *Frank* to the defendant *Walters,* and indorsed by the defendants *Walters, Bourn, Macnish,* and Lorenze, of which note the plaintiff claims to be the owner in due course. The defendants *Frank, Walters, Bourn,* and *Macnish* answered jointly, denying the plaintiff's ownership of the note, and alleging in substance by way of cross-

complaint that they gave and indorsed the note without consideration, but for the use and benefit only of a corporation known as the Central City Oil Company, and in reliance upon certain false and fraudulent representations made to them by the defendant Lorenze as to the productiveness and value of certain oil-land leases in Oklahoma about to be purchased by said company, and that had said representations been true the said company would have been able to pay said note at maturity and would have saved the defendants harmless therefrom. The prayer of the cross-complaint was to the effect that if the plaintiff obtain judgment such judgment provide for the issuance of execution first against Lorenze, and that if the answering defendants be compelled to pay the same or any part thereof they be subrogated to plaintiff's rights on the judgment. The plaintiff demurred to that part of the answer containing the alleged cross-complaint on the ground that it does not state facts sufficient to constitute a cross-complaint, and appeals from an order overruling the demurrer.

The ruling of the trial court was unquestionably right. The respondents contend that the plaintiff cannot demur to the cross-complaint because no relief is demanded against the plaintiff. This contention is based upon that part of sec. 2656a, Stats. (1898), providing for cross-complaints, which says that the party against whom affirmative relief is demanded in a cross-complaint may demur thereto; and it is said that this provision is a special and exclusive provision on the subject and that no affirmative relief is demanded against the plaintiff, and hence it cannot be heard to demur. We do not see how it can be rightly said that no affirmative relief is demanded against the plaintiff. In the absence of a cross-complaint the plaintiff, if it recovers against all the defendants, would be entitled to judgment and a single execution against all without regard to their rights as between themselves; but the cross-complaint sets forth facts on which it is claimed that the plaintiff's judgment should contain a limitation requiring

execution to be first issued against Lorenze, and not against the other defendants until the remedy against Lorenze be exhausted. This may well be called affirmative relief against the plaintiff. While it does not affect the plaintiff's right to ultimately collect against all, it substantially affects the form of the judgment, and requires the plaintiff to proceed by execution in an entirely different and more cumbrous way than would otherwise be required.

But, even conceding that affirmative relief is not sought against the plaintiff within the meaning of the statute, we still think that the plaintiff is entitled to demur if the facts alleged in the cross-complaint be not facts which are properly pleadable as such. Any other rule would mean that the defendants could inject into the plaintiff's action any controversy between themselves, whether germane to the plaintiff's cause of action or not, and litigate it, and the plaintiff would be helpless to prevent it. The law contemplates no such anomaly. The clause in sec. 2656a providing that the party against whom affirmative relief is demanded may demur to the cross-complaint was evidently intended to make it certain that a codefendant who is affected by the relief asked should have the right to demur, there being no other provision of the Code authorizing a demurrer by one defendant to the pleading of another. But the provisions of the Code insuring the right of the plaintiff to demur to the answer of any defendant, or any separate defense pleaded therein, are ample—sec. 2658, Stats. (1898);—and under them there can be no doubt of the plaintiff's right to challenge the legal sufficiency of a cross-complaint entirely independent of the provisions of sec. 2656a.

Passing to the question whether the facts stated are legally sufficient to constitute a cross-complaint we find little difficulty. The statute (sec. 2656a) provides that the relief sought by a cross-complaint "must involve or in some manner affect the contract, transaction, or property which is the subject matter of the action," and it may be relief against a codefendant or defendants, or against a codefendant and the

plaintiff, or part of the plaintiffs. This provision is little if anything more than an express recognition of the old equitable principle governing cross-bills, which was really embodied in the Code prior to the passage of the section named, although the term "cross-complaint" was not used. *Kollock v. Scribner,* 98 Wis. 104, 73 N. W. 776. The equitable principle was that the matters set up in a cross-bill must be germane to the matter involved in the original bill, and must be such as it is necessary for the court to have before it in deciding the questions raised in the original suit to enable it to do full and complete justice to all parties before it in respect to the cause of action on which the plaintiff's right rests. 5 Ency. Pl. & Pr. 640, 641.

The facts set forth in the cross-complaint before us fully answer these requirements. If they be proven they demonstrate that, as between the defendants, the answering defendants are entitled to demand that the defendant Lorenze pay the note on which plaintiff sues, and that they be subrogated to the plaintiff's right in case the judgment cannot be collected from Lorenze. This presents really a typical case where, by means of a cross-complaint, full and complete justice can be done to all the parties in a single judgment without prejudicing in any respect the plaintiff's rights. It is quite analogous in its essential features to the case of *Washburn v. Lee,* 128 Wis. 312, 107 N. W. 649, where, in an action at law against sureties upon a town treasurer's bond, it was held that the sureties could by cross-complaint set forth facts showing that the town should be required to first exhaust its remedy against third persons who had wrongfully received the moneys of the town, and that said third persons could be brought in as defendants and a complete adjudication had determining the rights of all parties and granting the sureties the right of subrogation against those primarily liable.

*By the Court.*—Order affirmed.

CASSODAY, C. J., took no part.