SCHENCK and another, Respondents, vs. STERLING ENGINEERING AND CONSTRUCTION COMPANY, Appellant.

*November 2—November 19, 1912.*

*Actions: Consolidation: Bringing in parties: Pleading: Cross-complaint: Real-estate brokers: Several claims for commission on same sale: "Controversy:" "Transaction."*

1. Separate actions at law, brought by two real-estate brokers each of whom claims, under a separate and distinct contract, a commission for securing the purchaser to whom defendant sold land, cannot be consolidated under sec. 2792, Stats. (1898), because they could not have been joined originally.
2. Where in each of said actions defendant denies any liability, the plaintiff in one of them cannot be brought in as a party to the other, under sec. 2610, Stats. (1898), because a complete determination of the controversy in such other action can be had without his presence and without prejudice to his rights.
3. Where in such a case defendant sought to have the plaintiff in one action brought in as a party to the other, asking in the

answer that said plaintiff be enjoined from prosecuting his several action and be compelled to litigate his claim in the action to which he should so be made a party and that one final judgment determine the rights of all parties, sec. 2656a, Stats. (1898), is inapplicable, because the defendant is not entitled to any affirmative relief against said plaintiff, and. because the relief asked does not affect either the "contract" or the "transaction" which is the subject matter of the action, and the action is not brought in reference to "property."

WINSLOW, C. J., and SIEBECKER, J., dissent.

APPEAL from an order of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

The complaint sets forth two causes of action, one on express contract and one on *quantum meruit.* In the cause of action on express contract the plaintiffs allege an agreement on the part of the defendant to pay them as commission for procuring a purchaser for certain described premises all said property sold for over and above $54,000. Plaintiffs allege that they did procure purchasers in the persons of Morris Miller and Max Routt, who bought the property for $58,800, and that under the agreement there is due them as commission the sum of $4,800.

In the second cause of action it is alleged that the plaintiffs were employed by the defendant as brokers to procure a purchaser for the property described; that the plaintiffs did procure purchasers in the persons of Miller and Routt and rendered other services in connection with the sale, and that the services so rendered were reasonably worth $2,270, according to the rule of the real estate board of the city of Milwaukee. Judgment is demanded for $4,800 or such other sum as may be found due plaintiffs.

To this complaint the defendant interposed an answer consisting in part of a general denial of the allegations of the complaint. The defendant denied having employed the plaintiffs and denied that the plaintiffs rendered it any services or procured any purchaser for its property. The answer then sets up that one *Franklin H. Feasley* had commenced an

action in the circuit court for Milwaukee county against the defendant, in which he sought to recover from it the sum of $2,175 for procuring the purchasers for the real estate hereinbefore referred to, and that said *Feasley* alleged in his complaint that he had in fact secured said Miller and Routt to buy the property in question from the defendant. It appears clearly enough from the pleadings that the plaintiffs in this action, *Schenck* and *Hayward,* claimed to have secured Miller and Routt as purchasers for the defendant's property, and that *Franklin H. Feasley,* the plaintiff in the other action, claimed that he procured Miller and Routt as purchasers for the same property, and that there is a dispute between the rival real-estate agents as to which is entitled to the commission on the sale, if either of them is entitled thereto. The defendant also denied liability in the action which *Feasley* brought. The answer prayed that *Feasley* be enjoined from prosecuting his action until the case brought by *Schenck* and *Hayward* was determined; that *Feasley* be made either a party plaintiff or a party defendant in said action and be compelled to litigate therein the issues between himself and the defendant, and that a single final judgment determine the rights of all three of the parties in the premises. The defendant proceeded by order to show cause, and on a hearing of such order the court held that the relief asked could not be granted for the reason that the statutes did not authorize the court to bring in *Feasley* as a party defendant in the action we are considering, and neither did the common law of the state authorize any such proceeding. From an order denying the defendant's application this appeal is taken.

*G. J. Davelaar,* for the appellant.

For the respondents *Schenck* and *Hayward* the cause was submitted on the brief of *H. L. Kellogg,* and for the respondent *Feasley* on that of *Perry, Morton & Kroesing.*

BARNES, J. The appellant is in a somewhat embarrassing situation. Two parties are claiming full compensation from

it for performing the same service. Each claims to have secured the purchasers, and neither admits that the other is entitled to any part of the compensation alleged to be due for the services rendered. Separate trials of the two actions may result in two judgments which will obligate the defendant to pay twice for the same service. To relieve itself from this dilemma, the defendant sought to enjoin the prosecution of one of the actions and to bring all of the parties before the court in the other, so that the plaintiffs in both actions would be bound by the judgment in the one first rendered.

Both cases are straight actions at law on contract. We must look to the Code to see whether or not the remedy here pursued is permissible. Obviously a situation is presented where it might be proper enough to consolidate the two actions. It is just as obvious that the general consolidation statute (sec. 2792, Stats. 1898) does not help the defendant, because it provides for the consolidation of only such actions as might originally have been properly joined. These two actions could not have been joined. *Winninghoff v. Wittig,* 64 Wis. 180, 183, 24 N. W. 912; *Peck v. School Dist.* 21 Wis. 516.

Had the defendant admitted liability to someone for the amount claimed, its remedy would be simple enough, because sec. 2610, Stats. (1898), provides for an interpleader in such a case.

Secs. 2610 and 2656a, Stats. (1898), are relied on in support of the practice here pursued. Secs. 2420, 2600, 2656, and 2657 are also cited, but we see no room for the contention that any of the four sections last referred to authorize the practice which the defendant attempted to pursue. The first question presented by the appeal is: Does sec. 2610 authorize the bringing in of *Feasley* as a party to this action? The following is the only portion of sec. 2610 which has any application to the situation:

"The court may determine any controversy between the parties before it, when it can be done without prejudice to

the rights of others or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, or any persons not parties to the action have such interests in the subject matter of the controversy as require them to be made parties for their due protection, the court shall order them to be brought in."

Controversy means dispute.    1 Bouv. Law Dict. (Rawle's Rev.) 431; 2 Words & Phrases, 1553.

The controversy between the plaintiffs and the defendant in this action arises over these questions: (1) Did the defendant employ the plaintiffs to procure a purchaser for its real estate? (2) If so, did plaintiffs procure such a purchaser? (3) If they did, what compensation should they receive? It is very plain that it is not necessary to bring any third party before the court for *his* protection while these three disputed questions of fact which form the subject of controversy between plaintiffs and defendant are being litigated. It is not claimed that any other person was a party to the contract between plaintiffs and defendant. One asserts that a contract was made; the other denies it. One asserts that acting under the contract a purchaser was found and compensation was earned; the other denies this also. The settlement of these mooted questions cannot prejudice the right of a person not a party to the action to claim under another and an entirely different contract. So it seems clear that the controversy between these parties can be settled without "prejudice to the rights of others," and that the first clause of the quoted portion of the statute does not help the defendant. The "others" therein referred to of course means persons who are not parties to the action.

If the court has a correct conception of what the controversy between the parties is, then it is patent that a full and "complete determination" of that controversy can be had without the presence of any other party, and that no person who is not a party has any interest therein which requires that he be made a party for his protection. Every defense is available to the defendant that it would have if *Feasley* were be-

fore the court.    It may show that it made no contract such as
is claimed by the plaintiffs, and, further, that if such a con-
tract was made the plaintiffs earned nothing under it because
the purchasers were not found by the plaintiffs but were
found by another party.

The material part of sec. 2656a is as follows:

"A defendant or a person interpleaded or intervening may
have affirmative relief against a codefendant, or a codefendant
and the plaintiff, or part of plaintiffs, or a codefendant and a
person not a party, or against such person alone, upon his
being brought in; but in all such cases such relief must in-
volve or in some manner affect the contract, transaction or
property which is the subject matter of the action."

The material part of the portion of the statute quoted
might be condensed so as to read as follows: "A defendant
. . . may have affirmative relief against . . . a person not
a party . . . upon his being brought in; but . . . such relief
must involve or in some manner affect the contract, transac-
tion or property which is the subject matter of the action."

We think this statute does not apply because the defendant
is not entitled to any affirmative relief in this action against
*Feasley.*    It is true, it attempts to set up an equitable coun-
terclaim, but that counterclaim states no cause of action
against the plaintiffs or against *Feasley.*

Furthermore, the *relief* sought does not affect the contract
involved in this case.    It does not even assist in determining
whether or not that contract was made.    It is perfectly com-
petent for the defendant to show that *Feasley* claims to have
procured or did procure the purchasers, without bringing
*Feasley* in as a party.    So the *relief* sought would neither
assist in determining whether a contract had in fact been
made or whether the plaintiffs had earned the money claimed
thereunder if one was made.

Does the relief asked affect the *transaction* which is "the
subject matter of the action?"    A "transaction" means what-
ever may be done by one person which affects another's rights
and out of which a cause of action may arise.    *McArthur v.*

*Moffet,* 143 Wis. 564, 128 N. W. 445. The making of the contract alleged in the complaint was the transaction out of which the cause of action arose in the instant case. We fail to see how the relief sought affects that transaction. Bringing *Feasley* before the court in the present case would not tend to show that an agreement such as is relied on was not made, as has been heretofore stated. If the term "transaction" be held to include not only the making of the contract but also performance on the part of the plaintiffs, the result would not be different. Offering proof to the court and jury that another party besides the plaintiffs in fact produced the purchasers would tend to show that plaintiffs should not recover.. But the defendant can call *Feasley* and the purchasers in the trial of the present action and examine them fully without *Feasley* being a party to the action. So it is not apparent how the relief sought affects the transaction which is the subject matter of the action. The action is not brought in reference to *property,* so the use of that word in the statute does not affect the question under consideration.

The proceeding arises out of a fear on the part of the defendant that the juries impaneled in the actions may find for the plaintiffs in both of them, whereas if all the plaintiffs were before the court but a single recovery could be had. The situation presented is somewhat novel and one for which the lawmaking power has apparently made no provision that would warrant the practice here followed. This court has no power to make a new statute or to amend an existing one so as to reach a case of supposed hardship, or for any other reason for that matter.

*By the Court.*—The order appealed from is affirmed.

The following opinion was filed December 10, 1912:

WINSLOW, C. J. (*dissenting*). I respectfully dissent in this case because I think too limited a construction has been

given to sec. 2610, Stats. (1898) ; a construction which is not in harmony with the fair meaning of the words or the unquestioned intent of the code-makers. That intent was to make it possible for the trial court to grasp all branches of a single controversy in one action and dispose of it, thus saving time and money, and making it impossible for contradictory and unjust results to be reached by the verdicts of independent juries in separate actions. So the section says that other parties shall be brought in "when a complete determination of the controversy cannot be had" without their presence. The opinion of the court goes upon the theory that there are two controversies here, one between the defendant and the plaintiffs and one between the defendant and *Feasley,* which are separate and distinct, and that the presence of *Feasley* is not necessary to a complete determination of the contro· versy between the plaintiffs and the defendant.

The reasoning is faultless if the court's construction of the word "controversy" be right. Here is where it seems to me the court goes astray. A broad and liberal meaning should be given to the word if it be necessary to give effect to the paramount purpose of the act. The facts are that a piece of land belonging to the defendant was sold and that both the plaintiffs and *Feasley* claim to have procured the purchaser, while the defendant denies that either of them procured the purchaser. So far as the defendant is concerned, both claims are part of one fundamental question or controversy, namely, Did any person procure the purchaser? While this controversy is three-sided, as many controversies are, it is, in its largest aspect, one, namely, Was the sale in question a sale procured by agents, and, if so, by which agent? Giving the word "controversy" a reasonably liberal construction, it seems to me to cover the case and to require that both parties claiming the credit of the single sale be brought before the court in this action in order that there may be no possibility of a duplication of liability. The fact that the action is an action at

law interposes no obstacle, in view of the fact that nothing in the nature of equitable relief is involved in either claim, but simply claims for money judgments, which are peculiarly within the province of actions at law and can be easily disposed of in a single trial and by a single verdict.

SIEBECKER, J., concurs in the foregoing opinion.