O'CONNOR, Respondent, vs. PAWLING & HARNISCHFEGER COMPANY, imp., Appellant.

*November 12—December 9, 1924.*

*Pleading: Joint tortfeasors: Right of impleaded defendant to file cross-complaint: Who may demur thereto: Remedy by motion.*

1. In an action for injuries sustained in moving a carload of timber on an industrial spur track of the defendant P. & H. Co. by an employee of a codefendant railroad, in which the plaintiff sought to recover against both defendants as joint tortfeasors, the P. & H. Co. is entitled, under sec. 2656a, Stats., to file a cross-complaint against the railroad company alleging that the injuries were caused solely by its negligence, and requesting judgment over against the railroad in case recovery was allowed the plaintiff against it.   p. 232.

2. A plaintiff may not demur to a cross-complaint interposed by one defendant against another, although contained in the answer, as he may in the case of a counterclaim, the right to demur to a cross-complaint being expressly granted to a codefendant and nowhere given to a plaintiff.   Objection, if proper, that the cross-complaint alleges a cause of action which could not be pleaded in the action should be raised by motion.   p. 233.

APPEAL from orders of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Both orders reversed.*

Plaintiff, an employee of the defendant railway company, was injured June 7, 1923, while assisting in moving a carload of timber then on the industrial spur track of the defendant *Pawling & Harnischfeger Company.*

Plaintiff sues the two defendants, alleging various breaches of duty on the part of each, among other things that the injury resulted from the insecure and unsafe method in which the timber was moored or fastened on said car and from failure to warn the plaintiff of such dangerous condition, and demanding judgment for his consequent damages against the defendants and each of them.· Each defendant answered denying liability.

Contained in the amended answer of the appellant, *Pawling & Harnischfeger Company,* was a cross-complaint against its codefendant, the railway company, asserting, among other things, that the tracks upon the industrial premises in question, with the carloads, apparatus, and movements thereon, were wholly within the control, management, and operation of the railway company; that the injuries and damages to the plaintiff were sustained wholly and entirely through the negligence and carelessness of the railway company; that it was the duty of the railway company to such answering defendant and the custom and practice over a long period of time for the railway company to inspect and examine the cars and loads on such industrial tracks before moving or switching the same, to ascertain whether or not the same were safe to the employees of the railway company, and that the railway company relieved the *Pawling & Harnischfeger Company* of any duty or obligation to examine or inspect cars prior to their being moved by the railway company, and that the railway company had failed, neglected, and refused to perform such duty. "And if by reason of said defendant railway company's duties and obligations towards this defendant [*Pawling & Harnischfeger Company*], if this defendant is liable to said plaintiff in any way, then the defendant railway company is liable to this defendant for the violation and breach of its duty to this defendant and its custom and practice in relieving this defendant of the examination of such cars by having its own employees do so."

The prayer was for judgment dismissing the complaint against it on the merits, and in the event that judgment is in favor of the plaintiff against it that it have judgment against the railway company for the amount thereof and its costs and disbursements.

To this cross-complaint the railway company answered by a general denial.

The plaintiff interposed a demurrer to this cross-com-

plaint "for the reason that the same alleges a cause of action which may not be pleaded as a cross-complaint in the above entitled action."

Upon the argument of such demurrer there was also heard, by consent of the parties, a motion by the plaintiff to suppress a proposed examination under sec. 4096, Stats., of an employee of the railway company by the appellant.

The court sustained such demurrer of plaintiff to the amended cross-complaint of the *Pawling & Harnischfeger Company,* giving said defendant leave to plead over within twenty days, and further ordered that the proposed examination of an employee of the railway company, noticed to be taken by appellant under sec. 4096, be suppressed on the ground that the appellant has not, in this action, a right to have such examination.

From these orders the defendant *Pawling & Harnischfeger Company* appeals.

For the appellant the cause was submitted on the brief of *Walter F. Mayer, James E. Coleman,* and *Roehr & Steinmetz,* all of Milwaukee.

For the respondent there was a brief by *Henry Mahoney,* attorney, and *Irving A. Fish,* of counsel, both of Milwaukee, and oral argument by *Mr. Fish.*

ESCHWEILER, J.   The rulings sustaining plaintiff's demurrer to the cross-complaint and the order denying appellant the remedy of an examination before trial of an employee of the railway company in attempted compliance with sec. 4096, Stats., are based upon the proposition asserted by respondent that the appellant cannot or ought not to be compelled to have determined in this action any questions concerning any possible adjustment between the defendants themselves of any liability that may be found in favor of plaintiff.

This view is predicated upon what it is claimed was decided by this court in *Bakula v. Schwab,* 167 Wis. 546, 168

O'Connor v. Pawling & Harnischfeger Co. 185 Wis. 226.

N. W. 378, and *Liebhauser v. Milwaukee E. R. & L. Co.*
180 Wis. 468, 193 N. W. 522.

In the *Bakula Case* plaintiff was injured while riding in
an automobile driven by the defendant Schwab. The injury
occurred by the automobile overturning when swerving to
avoid a possible collision with a horse and buggy driven by
one Wilkinson. The plaintiff elected to bring suit against
Schwab alone, and then, under the provisions of sec. 2610,
Stats., Schwab had Wilkinson made a party defendant. No
cross-complaint was made by either defendant as against
the other and no issues as between them were framed or
presented. The trial proceeded against both, and a verdict
in favor of Wilkinson was directed by the court and judg-
ment in plaintiff's favor went against Schwab. On the
latter's appeal a reversal was sought because of alleged error
in directing the verdict in favor of Wilkinson. It was held
that there was such error, but that the judgment thus ap-
pealed from would not be considered as *res adjudicata* upon
any possible future right of contribution that Schwab might
have against Wilkinson, and that no such right could arise
until payment had been made by Schwab. It was further
said that in such instances as there presented such applica-
tion by a tortfeasor defendant under sec. 2610 should more
properly be denied than granted because interfering with the
immemorial right of the plaintiff to make his own election
as to defendants sought to be held, and that no good reason
appeared why in such situations the plaintiff should be com-
pelled to involuntarily be drawn into litigation with parties
not of his choosing.

The statute considered in the *Bakula Case,* sec. 2610, so
far as was material for consideration there, provides that
a defendant who shows by affidavit that if he be held liable
in the action he will have a right of action against a third
person not a party for the amount of the recovery against
him, may, upon due notice to such person and to the oppos-
ing party, apply for an order making such third person a

party defendant in order that the rights of all parties may be finally settled in one action, and the court may *in its discretion* make such order. It may well also be argued that the statute does not, by its express terms at least, apply to cases involving the right of contribution between tortfeasors, inasmuch as the statute above quoted apparently provides only for cases where the defendant asserts a right to have his entire liability, that is, "the amount of the recovery" that may be obtained against him, shifted onto such third person rather than the partial liability under the doctrine of contribution.

In any event the situation here presented is substantially different from that in the *Bakula Case.* The plaintiff here exercised his immemorial right of bringing into the one action two rather than one of the two possible joint tortfeasors alleged to be jointly and severally responsible through their negligence for his injuries. Both defendants, therefore, in this case are in as such defendants not by the court's discretion exercised at the instance of one of them, but by the imperative election of the plaintiff himself. In the *Bakula Case* no cross-complaints between the defendants were interposed and no issues framed as between them. The contrary is the situation here.

In the *Liebhauser Case,* 180 Wis. 468, 193 N. W. 522, as here, the plaintiff brought an action against two defendants, the Milwaukee Electric Railway & Light Company and one Kroscher, as joint tortfeasors. The plaintiff there, a passenger in a car of the street railway company, was injured by a collision between such car and an automobile owned and driven by Kroscher.

The material parts of the statute, sec. 2656a, as considered in the *Liebhauser Case,* provide that "a defendant . . . may have affirmative relief against a codefendant, . . . but in all such cases such relief must involve or in some manner affect the contract, transaction or property which is the subject matter of the action."

Further parts, material here, of the same sec. 2656a pro-

vide that the relief so sought by one defendant against a codefendant may be demanded by a cross-complaint, and the party against whom such relief is demanded may demur to such cross-complaint as provided in sec. 2658 (relating to demurrers by plaintiff), or may answer, and that unless such cross-complaint be so served such affirmative relief shall not be adjudged.

In the *Liebhauser Case, supra,* it was held that under the provisions of the statute above quoted defendant Kroscher was not entitled to assert by way of cross-complaint against the street car company his claim for damages arising to his automobile by reason of the collision between it and the street car, which collision occasioned the injury to the plaintiff. In that case it was in effect held that the injury to the plaintiff arising from the collision was the invasion of her primary right, and the injury to the defendant Kroscher's automobile, although by the same collision, was an invasion of his primary right and therefore not within this statute, and that the street-car company could properly and successfully demur to such cross-complaint. The question there being presented by the pleadings of the defendants only and not, as here, at the instance of the plaintiff, the rights of a plaintiff in such class of actions not to be hampered with unnecessary litigation between defendants was not there raised and but incidentally discussed (p. 482).

In our judgment there is a manifest distinction between the situation in the *Liebhauser Case* and the case at bar, not merely upon the manner in which it is here presented but upon the merits or substance. In that case Kroscher sought to obtain damages to his own automobile arising out of the alleged negligence of the street-car company at the time of the collision. Such damages, if any had been allowed, would have gone to the defendant Kroscher independent of any damages that might have been found in favor of the plaintiff as against either or both defendants on account of such collision.

In this case, whatever view is taken of the words and

phrases "cause of action," "subject matter of the action," and "transaction," which have given rise to so much discussion in previous decisions, still the relief here sought by the *Pawling & Harnischfeger Company* against the railway company relates to nothing else than the damages sought to be obtained by the plaintiff for the invasion by one or both of the defendants of plaintiff's primary right.    In other words, if there be found no invasion by defendant *Pawling & Harnischfeger Company* of plaintiff's primary right to security of person, then there is nothing for the cross-complaint to present to the court; that being so, the relief sought thereby involves the subject matter of the action.    Having brought into one lawsuit two alleged joint tortfeasors and seeking joint and several judgment against them, the plaintiff cannot foreclose either of them from asserting any legitimate defenses it may have to such prayer for relief.    The cross-complaint here presented, if successful, will simply confine the collection of plaintiff's damages, if any such are obtained, to but one defendant rather than to two as prayed by plaintiff.

Furthermore, it may be worthy of notice that an examination and comparison of these two statutes, sec. 2610 involved in the *Bakula Case, supra,* and sec. 2656a presented here and in the *Liebhauser Case,* may well be said to show a substantial distinction, in that the relief under sec. 2610 being discretionary with the court is, to defendants brought in at the instance of another defendant, merely a privilege rather than a right, while under sec. 2656a and as here presented as to defendants brought in by plaintiff the contemplated relief is more nearly a right than a privilege.

We conclude, therefore, that the relief here asked by the *Pawling & Harnischfeger Company* against the railway company is within the language and intent of sec. 2656a and the cross-complaint should be permitted to stand.

It necessarily follows from what has been said that the ruling of the court suppressing the proposed examination

O'Connor v. Pawling & Harnischfeger Co. 185 Wis. 226.

on behalf of the one defendant of an employee of the other was wrong and must also be reversed.

While perhaps not necessary to discuss, in view of the disposition made of the principal question here involved, yet the right of the plaintiff to present the question in the form of a demurrer as was done has been challenged. The statutes, secs. 2658 and 2659, giving the remedy of a demurrer to a plaintiff, provide that he may demur to the answer or parts thereof, and that he may demur to the counterclaim or parts thereof. But the counterclaim so referred to is defined in sec. 2656, Stats., as a cause of action existing in favor of the defendant as against the plaintiff. There is no express language in any of our statutes giving a plaintiff the right to demur to a pleading which is in effect a cross-complaint between two defendants.

· Furthermore, by sec. 2656a, *supra*, it is provided that it is the party against whom the relief is demanded by the cross-complaint that may demur thereto. The right to demur to such cross-complaint being therefore expressly granted to a codefendant and nowhere given to the plaintiff, it evidently follows that the plaintiff cannot raise the question that was decided in his favor in the court below by a demurrer on his part to such cross-complaint. The appropriate remedy under our procedure to raise such a question would be by motion.

*By the Court.*—Orders reversed, and cause remanded for further proceedings.