FREDERICKSON, Plaintiff, vs. SCHAUMBURGER and others, Defendants: SCHAUMBURGER and another, Defendants and Appellants, vs. GEISSE, Impleaded Defendant and Respondent.

*October 13, 1932—January 10, 1933.*

128

For the appellants there were briefs by *Fisher, Cashin & Reinholdt* of Stevens Point, and oral argument by *R. T. Reinholdt.*

For the respondent there were briefs by *Genrich & Genrich,* attorneys, and *L. A. Pradt, Jr.* of counsel, all of Wausau, and oral argument by *Fred W. Genrich.*

The following opinion was filed November 9, 1932:

WICKHEM, J. The accident involved in this case is the same as that involved in *Zastrow v. Schaumburger, ante,* p. 116, 245 N. W. 202, and it will not be necessary further to detail its incidents. The first order to which this appeal directs attention is the order overruling the demurrer to the cross-complaint. It is contended by the appellants that the case clearly falls within the doctrine of *Liebhauser v. Milwaukee E. R. & L. Co.* 180 Wis. 468, 193 N. W. 522, and that the reason why the trial court overruled the demurrer was that he regarded the *Liebhauser Case* to be unsound.

In the *Liebhauser Case* plaintiff sued the railway company and one Kroscher for damages for personal injuries sustained while she was a passenger on the railway company's street car, as the result of a collision between the street car and the automobile owned and driven by the defendant Kroscher. Plaintiff charged negligence against each defendant. Each defendant denied negligence, and the defendant Kroscher alleged that the collision was due solely to the negligence of the railway company. Kroscher further answered by way of cross-complaint, alleging that the railway company was negligent; that the negligence caused injury to his automobile, and demanding judgment against the railway company in the sum of $150. This court held that the demurrer to the cross-complaint should have been sustained upon the ground that it was not pleadable in the action. The statute involved is sec. 263.15, which provides:

"A defendant . . . may have affirmative relief against a codefendant, . . . but in all such cases such relief must involve or in some manner affect the contract, transaction or property which is the *subject matter* of the action."

It was held that the subject of the action involved in the *Liebhauser Case* "is the plaintiff's right to have the defendants exercise ordinary care in respect to her person." It was further held that the relief asked by Kroscher in no way involved the transaction which constituted the subject matter of plaintiff's action. The court held the "subject of the action" and "subject matter of the action" to mean the same thing. Viewed in this light, the court concluded that Kroscher's cause of action arose by reason of failure on the part of the company to exercise the required due care with respect to him, and that it was complete before plaintiff's cause of action arose, and consequently it could not be said that the relief demanded by Kroscher in any way involves the transaction which is the subject matter of plaintiff's action or her main primary right.

The learned trial court indicated his belief that the doctrine of the case is not sound, and respondent urges that it be reconsidered chiefly upon the ground that the decision gives too narrow a scope to the words "transaction" and "subject matter." However, this court has had occasion to consider the doctrine of the *Liebhauser Case,* and has adhered to it in *Wait v. Pierce,* 191 Wis. 202, 209 N. W. 475, 210 N. W. 822; *O'Connor v. Pawling & Harnischfeger Co.* 185 Wis. 226, 201 N. W. 393. We think if a change is desirable it should be made by rule of court adopted in accordance with the power conferred upon this court by the legislature.

However, the trial court further based its ruling upon the conclusion that it could permit the filing of the cross-complaint under the provisions of sec. 260.12, as recently amended by rule of this court, to add the following:

"And when more than one person makes a separate claim for damage against the same person or persons based upon the same alleged negligence, they may unite in prosecuting their claims in one action."

It is contended by the appellants that the section as amended relates only to persons who agree to unite in prosecuting an action, and that it in no way affects the provisions of sec. 263.15, relating to cross-complaints. If the statute as amended is to have the meaning contended for, the purpose of requiring a concert of action between plaintiffs can only be that the plaintiff who commences an action ought not to be compelled to stand by while other persons who have become plaintiffs against his wishes litigate their cause of action against the defendant. Thus only the original plaintiff can be prejudiced by such an order as is here complained of, and the appellants, who are responsible for the presence of respondent as a party, ought not to be heard to object that there was no concert of action between the plaintiff and the respondent. It is plain from the opinion of the trial court

that the order overruling the demurrer to the cross-complaint was considered in effect to be the renewal of an earlier permission to respondent to join as plaintiff, and that the mere designation by respondent of his pleading as a cross-complaint is of no force or consequence. Plaintiff interposed no objection, and it is concluded that the court, at least as far as any objection by appellants is concerned, could in its discretion permit respondent to join as plaintiff. That in substance is what the order was intended to and did accomplish.

The second question involves the propriety of an order enjoining the appellants from prosecuting the action started against respondent in Portage county prior to the filing of the cross-complaint. The trial court took the position that the judgment in the *Zastrow Case* rendered all questions as to the respective negligence of appellants and respondent *res adjudicata,* and that consequently appellants should be enjoined from attempting a retrial of these issues. We think this was error, and that it is not necessary to decide the question of *res adjudicata* in order to come to this conclusion. An action was pending between appellants and respondent in the circuit court for Portage county, and no question is raised as to the jurisdiction of that court to try the issues. The defense of *res adjudicata* was available to respondent in the circuit court for Portage county, and his remedy was entirely adequate, assuming that he is entitled to the benefits of the doctrine of *res adjudicata* in any of its aspects. This being true, the granting of this order constituted error under the doctrine of *Stahl v. Broeckert,* 167 Wis. 113, 166 N. W. 653.

For the foregoing reasons it is our conclusion that the order overruling the demurrer to the cross-complaint should be affirmed, and that the order enjoining further prosecution against respondent of the action in Portage county should be reversed.

*By the Court.*—The order of the circuit court overruling the demurrer to the cross-complaint is affirmed; the order en-

joining further prosecution against respondent of the action in Portage county is reversed, and cause remanded for further proceedings according to law. Appellants to have costs upon this appeal.

A motion for a rehearing was denied, with $25 costs, on January 10, 1933.