PIPER and others, Respondents, vs. STROHN and others, Appellants.

*October 13—November 16, 1948.*

504

For the appellants there were briefs by *Gold & McCann*, and oral argument by *Richard A. McDermott*, all of Milwaukee.

For the respondents there was a brief by *Dakin & Dierker* of Watertown, and oral argument by *H. M. Dakin*.

FRITZ, J. Upon this appeal the defendants assert several grounds because of which they contend the court erred in ordering the counterclaims stricken. On the other hand, plaintiffs contend, in connection with other grounds on which they rely, that the court rightly ordered the counterclaims stricken because the affirmative relief sought on the counterclaims by the interpleaded defendant Helen Strohn, in her capacity as executrix of the will of Francis Breckinridge, deceased, does not, as is expressly required by the provisions of sec. 263.15, Stats., "involve or in some manner affect the contract, transaction or property which is the subject matter of the action or relates to the occurrence out of which the action arose." In view of that provision in sec. 263.15, Stats.,[1] plaintiffs' contention must be sustained.

The subject matter of the action for partition consists of the eighty acres of land described in the complaint, the undivided

[1]Sec. 263.15, Stats., provides: "A defendant or a person interpleaded or intervening may have affirmative relief against a codefendant, or a codefendant and the plaintiff, or part of the plaintiffs, or a codefendant and a person not a party, or against such person alone, upon his being brought in; but in all such cases such relief must involve or in some manner affect the contract, transaction or property which is the subject matter of the action or relates to the occurrence out of which the action arose. Such relief may be demanded in the answer, which must be served upon the party against whom the same is asked, or upon such person not a party, upon his being brought in, or may be by a cross complaint served in like manner or by petition in intervention under section 260.19 or by answer, served in like manner, when new parties are brought in under sections 260.19 and 260.20."

interests therein owned by the plaintiffs and defendants (excepting the subsequently interpleaded defendant) and such transactions in relation to that land as are involved in a partition action. The plaintiffs and the original defendants in the action were rightly joined therein because an undivided interest in said land was owned by each of them, including Helen Strohn in her personal right. But the affirmative relief sought by her in her capacity as executrix of the will of Francis Breckinridge, deceased, did not involve or in any manner affect the land or transactions which are the subject matter of the partition, or related to the occurrence out of which the action arose.

Briefly stated, so far as here material, the allegations in the first counterclaim are to the effect that Francis Breckinridge, deceased, was a joint owner of certain real estate located in Detroit, Michigan, and that commencing in 1930 the said Francis Breckinridge intrusted Lewis A. Piper, who is one of the plaintiffs in the partition action, with the management, operation, and collection of the income of said real estate and the duty to remit the net income thereof to Breckinridge; that Piper controlled and managed said property until August 1, 1943, but wrongfully and unlawfully failed and neglected to account for the income and expenses thereof or to turn over the net income thereof to Breckinridge; and that therefore said Piper is liable to Helen Strohn, as executrix of the will of said Breckinridge, for moneys found upon such accounting to be owing to him by Piper.

In the second counterclaim it is alleged that the real estate in Detroit, which is referred to in the first counterclaim, was owned in joint tenancy by Francis Breckinridge and his wife and that commencing in November, 1940, said Lewis A. Piper, in furtherance of his intent to acquire said property without paying any consideration therefor, wrongfully and fraudulently committed certain acts and conducted himself in such manner in relation to said property, as is stated in detail in the second counterclaim, that he succeeded in inducing

Francis Breckinridge and his wife during her lifetime, and after her death in likewise inducing said Francis Breckinridge to execute certain deeds conveying said property by means of which said Piper wrongfully and fraudulently acquired the entire interest of Francis Breckinridge and his wife in said real estate and other property acquired in exchange therefor.

The prayer for judgment upon said allegations in the first counterclaim is that said Piper account for the rents and profits of said Detroit real estate and that he pay to the interpleaded defendant Helen Strohn, in her said capacity as executrix, the amount so found to be due and owing; that on the second counterclaim the interpleaded defendant, in said capacity as executrix, recover from said Piper an amount representing the value of Francis Breckinridge's equity in said real estate in Detroit; and that said Piper's share and interest in the land in Wisconsin which is described in the complaint be adjudged and subjected to the amount determined to be due and owing upon both of said counterclaims.

Although each of the pleadings in question was designated a "counterclaim," the nature of the causes of action stated therein and the relief sought thereon is such as to constitute each pleading a cross complaint in relation to property in the state of Michigan and the income and proceeds thereof acquired by Lewis A. Piper's wrongful conduct and transactions in that state. As neither the facts thus alleged nor the relief prayed for involve or affect in any manner the property or transactions which are the subject matter of the action for partition, or relate to the occurrence out of which this action arose, the relief sought by the interpleaded defendant Helen Strohn, as executrix, is not within the terms of the above-quoted provision of sec. 263.15, Stats. *Liebhauser v. Milwaukee E. R. & L. Co.* 180 Wis. 468, 475, 193 N. W. 522. Consequently, the trial court's order which is under review on this appeal must be affirmed.

*By the Court.*—Order affirmed.

BROADFOOT, J., took no part.