ARTHUR and others, Appellants, v. STATE CONSERVATION COMMISSION and another, Respondents.

*January 3—January 31, 1967.*

586

For the appellants there were briefs by *Vaughn S. Conway* and *Kenneth H. Conway*, both of Baraboo, and oral argument by *Vaughn S. Conway*.

For the respondents the cause was argued by *Robert B. McConnell*, assistant attorney general, with whom on the briefs was *Bronson C. La Follette*, attorney general.

HEFFERNAN, J.

*Was the counterclaim for ejectment properly brought?*

The plaintiffs demurred to the counterclaim for two reasons. They claim in their brief that, "There is simply no connection between the narrow rights claimed by the plaintiffs and the counterclaim of the respondent." Assuming this statement to be factually correct, and that is doubtful, it is apparent that the plaintiffs are asserting the archaic common-law rule of pleading and the rule adopted in the early codes requiring that the ". . . counterclaim [be] a cause of action arising out of the transaction set forth in the complaint . . . ." Clarke, Code Pleading (hornbook series, 2d ed.), p. 637, sec. 100. Such rule, however, is not applicable under the statutory code of pleading in effect in Wisconsin. Sec. 263.14 (1), Stats., provides:

"A defendant may counterclaim any claim which he has against a plaintiff, upon which a judgment may be had in the action."

Under that statute the right to counterclaim is not limited in the manner asserted by the plaintiffs. The right asserted by counterclaim may be totally unrelated to the subject matter of the plaintiffs' action. The statute only requires that there be "a claim" against the plaintiff. The comment of the Advisory Committee on Pleading and

Practice, the committee that suggested the code revisions, indicates the broadened scope of the rule laid down in sec. 263.14 (1), Stats.:

"The new rule extends to all actions. If the defendant has a claim upon which he can presently commence a separate action against the plaintiff in the same court, he may counterclaim." 30 W. S. A., p. 547.

Plaintiffs also contend that the counterclaim was beyond the jurisdiction of the circuit court in that it states a cause of action for unlawful detainer, which they allege can be brought only in the county court.

We conclude from an examination of the counterclaim that the cause of action asserted therein is for ejectment, and not for unlawful detainer.

Sec. 275.05, Stats., sets forth the essential allegations to state a cause of action for ejectment:

"275.05 **Ejectment complaint, what to allege; recovery of part.** The complaint in ejectment actions shall set forth the plaintiff's estate or interest in the premises claimed, describing them and that he is entitled to possession and that the defendant unlawfully withholds possession from him, to his damage such sum as he claims, and may include a claim for damages for injuries to the freehold. The plaintiff may recover any individual share or interest in the premises claimed or any separate parcel thereof which he may establish."

The defendant State Conservation Commission alleges its ownership of the property to be in fee simple, describes the property, and claims the right to immediate possession of the property and that plaintiffs are unlawfully withholding possession from the state. The essentials of the statutory action for ejectment have been asserted. Sec. 275.01, Stats., provides that:

"Actions for the recovery of possession of real property are styled actions of ejectment, and may be commenced and proceeded in as other civil actions are except as otherwise provided in this chapter."

Circuit courts have "power to hear and determine, within their respective circuits, all civil and criminal actions and proceedings unless exclusive jurisdiction is given to some other court." Sec. 252.03, Stats. While sec. 291.05 provides that in actions for *unlawful detainer* a "plaintiff shall file [his complaint] with the county court or with a municipal justice," no such limitation of jurisdiction is provided for ejectment, and the statutory directive is that ejectment may be "commenced and proceeded in as other civil actions." There is no merit in the plaintiffs' claim that because an action for ejectment affords to some extent the same relief as unlawful detainer, a party asserting it is bound by the proscriptions limiting the use of unlawful detainer. The counterclaim was properly within the jurisdiction of the court.

*May the state assert its sovereign immunity on this appeal?*

The state has argued vigorously and successfully that its counterclaim is within the jurisdiction of the court, but on this appeal asserts for the first time that, as a sovereign, it is immune from suit. This question is not necessarily before us on this appeal, for only the counterclaim, not the original action, was questioned by the plaintiffs' demurrer. However, lest further litigation on this point impede the prompt resolution of this lawsuit, we deem it advisable to point out that the state is not the defendant in the original action. The suit is against the conservation commission, a state agency, and against the superintendent of the Devils Lake State Park. In *Berlowitz v. Roach* (1947), 252 Wis. 61, 65, 30 N. W. (2d) 256, quoting from *Century Distilling Co. v. Defenbach* (1940), 61 Idaho 192, 200, 99 Pac. (2d) 56, we pointed out that an action to restrain an officer or agent of the state from conduct that is allegedly unlawful or contrary to the constitution is not a suit " 'against the state, but is rather against the individual because of his

lack of power and authority to do the things complained of.' "

More recently, in *Barry Laboratories, Inc., v. State Board of Pharmacy* (1965), 26 Wis. (2d) 505, 511, 132 N. W. (2d) 833, we applied the same rationale to a state agency, pointing out that, "The purpose in either case is to determine whether a course of official action is consistent with the laws or constitution."

The state is not the defendant in the principal case, and the attorney general cannot claim immunity for the defendants herein.

*May defendants on appeal for the first time raise the trial court's failure to require that plaintiffs post a bond as a condition for the issuance of an injunction?*

The trial court granted the plaintiffs' request for a temporary injunction, but did not order that the cottagers post a bond as required by sec. 268.06, Stats. While the trial court might have erred by such failure, such omission cannot be raised on this appeal. Only the counterclaim is within the jurisdiction of this court. It would also appear that the attorney general's failure to timely raise the question would preclude an appeal on that question.

*By the Court.*—Order affirmed.