BOLTON, Plaintiff, v. CHICAGO TITLE & TRUST COMPANY, Defendant and Third-Party Plaintiff and Respondent: WALSH, Third-Party Defendant and Appellant.

*No. 255. Argued September 4, 1974.—Decided October 1, 1974.*
(Also reported in 221 N. W. 2d 911.)

For the appellant there were briefs by *Hersh & Stupar, S. C.*, attorneys, and *Russell R. Stepke* of counsel, all of Milwaukee, and oral argument by *Mr. Stepke*.

For the respondent there was a brief by *Reinhart, Boerner, Van Deuren & Norris, S. C.*, attorneys, and *William R. Steinmetz* of counsel, all of Milwaukee, and oral argument by *Mr. Steinmetz*.

CONNOR T. HANSEN, J.

A single issue is dispositive of this action: May a third-party defendant seek affirmative relief by counterclaim against a third-party plaintiff when such relief does not involve or affect the contract, transaction or property which is the subject matter of the action or relate to the occurrence out of which the action arose?

The appellant vigorously argues that the provisions of sec. 263.14 (1), Stats., are applicable to the action on his counterclaims against the respondent. The relevant part of sec. 263.14 provides:

"263.14 **Counterclaim.** (1) A defendant may counterclaim any claim which he has against a plaintiff, upon which a judgment may be had in the action."

Such an argument might have some viability if the respondent were the principal defendant in the Bolton action, but he is not. *Arthur v. State Conservation Comm.* (1967), 33 Wis. 2d 585, 148 N. W. 2d 17. To arrive at the disposition urged by the respondent, one would be required to consider the third-party action instituted by the respondent as a completely separate and distinct action or proceeding. Thus, the respondent would be the plaintiff and the appellant the defendant. This, however, is not the fact of this case because the appellant was brought into the case by the respondent on the theory of equitable subrogation. When properly viewed, appellant's claims are asserted against only "part of the plaintiffs" as no claim has been asserted against the plaintiff Bolton.

This being the case, the provisions of sec. 263.15, Stats., are applicable. Sec. 263.15 provides, in part:

"263.15 **Cross complaint and third party actions.** (1) A defendant or a person interpleaded or intervening may have affirmative relief against a codefendant, or a codefendant and the plaintiff, or part of the plaintiffs, or a codefendant and a person not a party, or against such person alone, upon his being brought in; but in all such cases such relief must involve or in some manner affect the contract, transaction or property which is the subject matter of the action or relates to the occurrence out of which the action arose. Such relief may be demanded by a cross complaint or counterclaim, served upon the party against whom the relief is asked or upon such person not a party, upon his being brought in.

". . .

"(3) The provisions of this chapter with respect to demurrers and answers to complaints apply to and govern pleadings to cross complaints and third-party complaint, . . ."

The appellant also relies on sec. 263.15 (3), Stats., for the proposition that the same pleading rules which apply to answers and counterclaims in the principal action, apply to answers and counterclaims in third-party complaints. We interpret sec. 263.15 (3) to apply to the procedural rules set forth in ch. 263 and not to the substantive rights of pleading causes of actions. Sec. 263.15 (1), makes no distinction whether the claim is interposed by cross complaint or counterclaim and expressly provides that the claim may be asserted by either. Therefore, sec. 263.15 (1) applies to cross complaints and counterclaims of third-party defendants, whether *impleaded, interpleaded* or *intervening,* when the claim is asserted against one of the parties enumerated therein.

Our attention has also been directed to sec. 260.19, Stats., which relates to the statutory framework for bringing in new parties by defendants in third-party

actions. The interpretive commentary to sec. 260.19 reflects that the terms "interpleaded" and "impleaded" have been used interchangeably in both the statutes and the case law, thus the omission of the term "impleaded" in sec. 263.15 (1).

Under sec. 263.15 (1), Stats., certain parties can have affirmative relief against certain other parties; however, in "all such cases such relief must involve or in some manner affect the contract, transaction or property which is the subject matter of the action or relates to the occurrence out of which the action arose."

The fundamental purpose of permitting counterclaims and cross complaints is to enable the court to "grasp all the issues germane to the main controversy . . . and dispose of them in one and the same action." *Hemenway v. Beecher* (1909), 139 Wis. 399, 402, 121 N. W. 150; or " '. . . to enable the court to grasp all the issues germane to the main controversy, whether arising between the plaintiff and the defendant, or between defendants, or between a defendant and an outside party, and dispose of them in one and the same action, and thus avoid circuity of action and multiplicity of suits. . . .' " *Wait v. Pierce* (1926), 191 Wis. 202, 227, 209 N. W. 475, 210 N. W. 822. However, counterclaims are not permissible when neither the facts alleged nor the relief prayed for involve or affect the property or transaction which is the subject matter of the principal action. *Piper v. Strohn* (1948), 253 Wis. 503, 34 N. W. 2d 859.

Furthermore, the purpose of requiring or permitting concert of action or joining of issues germane to the main controversy is not intended to produce a result which would require a plaintiff who commences an action, to be compelled to stand by while others who have become plaintiffs and defendants against his wishes litigate their causes of action. *Schaumburger v. Geisse* (1933), 210 Wis. 127, 245 N. W. 206.

The pleadings reflect that the relief requested by the appellant in his counterclaims neither involves nor affects the contract, transaction or property which is the subject matter of the action commenced by Bolton, the plaintiff in the principal action. We agree with the trial court that the provisions of sec. 263.15, Stats., are applicable to this case.

The appellant concedes that his claims do not directly involve the $5,000 draft which is the particular subject of the Bolton action, but that all claims arose out of respondent's obligation with regard to Escrow account No. 325177.

The applicable standard, as stated in the statute, is: ". . . such relief must involve or in some manner affect the contract, transaction or property which is the subject matter of the action or relates to the occurrence out of which the action arose." The transaction which is the subject matter of the action by plaintiff Bolton, is the disbursal of a $5,000 draft by respondent from the escrow account payable to the order of the plaintiff. The occurrence out of which the action arose was the alleged failure of respondent to honor the draft when presented for payment. Four of appellant's counterclaims seek recovery on a $100,000 draft issued by respondent in the name of appellant from the same escrow account upon an alleged failure of respondent to honor the draft. The final counterclaim involves an allegation of defamation, the alleged facts and circumstances of which occurred subsequent to the closing of the escrow account.

In *Piper v. Strohn, supra,* this court held that a counterclaim alleging wrongful conduct in regard to the management of land in Michigan by one of the plaintiffs, was not sufficiently related to a cause of action for partition of land in Wisconsin. *Piper, supra,* 504. Similarly, in the present case, the only connection between the plaintiff's claim and those of the appellant is the alleged wrongful

acts of the respondent. The claim involves separate transactions, different property, and arises out of independent occurrences.

*By the Court.*—Order affirmed.