TRI CITY SHOPPING CENTER, INC., and another, Plaintiffs, v. PAULOS, Defendant and Third-Party Plaintiff-Respondent: ULRICH, and others, Third-Party Defendants-Appellants.

*No. 75–615. Submitted on briefs June 2, 1977.—*
*Decided July 1, 1977.*
(Also reported in 255 N. W. 2d 316.)

For the appellants the cause was submitted on the brief of *William P. McGovern* of Oak Creek.

For the respondent the cause was submitted on the brief of *Robert D. Scott, Frank R. Terschan* and *Frisch, Dudek & Slattery, Ltd.*, all of Milwaukee.

CONNOR T. HANSEN, J. In the fall of 1975, the plaintiffs, Tri City Shopping Center, Inc., and Western Tobacco Company, wholly owned subsidiaries of National Development, Inc., commenced an action against Chris J. Paulos to collect on three promissory notes. The amended complaint alleged that Paulos signed the three notes in April, 1971, that demand had not been made for payment, that no payment had been received, and that the amount of the notes plus interest was due. Tri City Shopping Center claimed $6,000.00 plus interest was due on its note. Western Tobacco Company alleged that $22,000.00 was due on one of its notes and $87,449.60 plus interest was due on the other.

Paulos served and filed an answer in which he raised affirmative defenses and commenced his third-party action. As to each of the three notes, Paulos denied that he signed the note for valuable consideration; denied that he became obligated by reason of signing the notes; denied that due demand had been made; denied that the notes were in arrears; and denied that the principle amount or interest was due.

As affirmative defenses, Paulos alleged that his execution of each of the three promissory notes was the product of:

"(a) extreme coercion and duress exercised upon him by the individual officers of the plaintiff corporations, in

violation of their fiduciary duties owed to Paulos as officers of the Tri City State Bank; and

"(b) a program of fraud and misrepresentation employed by the individual officers of the plaintiff corporations for the purposes of the personal enrichment, in violation of their fiduciary duties owed to Paulos as officers of the Tri City State Bank."

Paulos stated that the acts of coercion, duress, fraud and misrepresentation were more specifically described in the third-party complaint.

In the third-party complaint, Paulos identified each of the four defendants: David A. Ulrich, President of Tri City National Bank of Oak Creek, President of Tri City National Bank of West Allis, President of Tri City National Bank of Hales Corners, and Chairman of the Board of National Development, Inc.; Gerald La Valley, employment unknown; Henry Karbiner, Jr., Executive Vice-President and Cashier of Tri City National Bank of Oak Creek; and William Gravitter, Vice-President of the Tri City National Bank of Oak Creek, Vice-President of the Tri City National Bank of West Allis, and Vice-President of the Tri City National Bank of Hales Corners.

Paulos alleged causes of action for duress and fraud and misrepresentation against each of the four third-party defendants.

According to the third-party complaint, prior to April, 1971, Paulos managed Western Tobacco Company, which maintained a checking account at Tri City State Bank (the predecessor bank to Tri City National Bank of Oak Creek), and Paulos Enterprises, which maintained a checking account at American City Bank. Paulos alleged that when Western Tobacco became indebted to Tri City State Bank, the third-party defendants instituted a scheme for taking over Western Tobacco and Paulos Enterprises by proposing that Paulos write checks on

insufficient funds on his Tri City accounts for deposit in an account in another bank to produce a fund on which to draw checks for his business expenses. Paulos alleged that Ulrich subsequently coerced him into submitting Western Tobacco to an audit; and upon completion of the audit, the third-party defendants demanded that Paulos reorganize and recapitalize Western Tobacco Company so that Tri City Shopping Center, Inc., would become the principal stockholder of the company. Paulos alleged that the third-party defendants accompanied their demand with threats of his personal bankruptcy, exposure of his insufficient fund checks, and loss of all interest in his businesses. Paulos alleged that he complied with the demand of the third-party defendants. As a result, Western Tobacco became a subsidiary of National Development, Inc., and a stock certificate was issued representing Paulos's ownership in National Development on account of his interest in Western Tobacco; but Ulrich has refused to deliver the certificate to Paulos. Paulos alleged that each of the promissory notes executed by him was either a part of the proposed reorganization of Western Tobacco or an implementation of the reorganization for the benefit of the third-party defendants; and that his execution of the notes was done under the same duress and coercion as caused him to execute the agreement for reorganization of the company by which he was divested of his positions as principal stockholder and managing officer.

Paulos alleged that each of the four third-party defendants committed fraud as part of the scheme to force him to relinquish his control and ownership of Western Tobacco Company.

For relief, Paulos requests dismissal of the plaintiffs' complaint and a declaration that the promissory notes were null and void; compensatory damages for his loss of ownership interest in Western Tobacco and Paulos

Enterprises and his consequent loss of business opportunities; return of his ownership interest in National Development, Inc.; and punitive damages against the individual third-party defendants.

The third-party defendants demurred to the third-party complaint upon the grounds that it did not state facts sufficient to constitute a cause of action, and that it improperly united several causes of action. In the trial court and on the appeal, the third-party defendants have dropped their claim that the third-party complaint did not state facts sufficient to constitute a cause of action.

In overruling the demurrer, the county court explained that the affirmative defenses in the answer are substantially set forth in the third-party complaint against the officers; and the court concluded that in this circumstance sec. 263.15, Stats., granted the defendant a right to join the third-party defendants.

On the appeal, the third-party defendants argue that sec. 263.15, Stats. 1973, is not the statute which establishes the test for determining when a third-party action may be commenced.

Sec. 263.15, Stats. 1973, provides:

"Cross complaint and third party actions.

"(1) A defendant or a person interpleaded or intervening may have affirmative relief against a codefendant, or a codefendant and the plaintiff, or part of the plaintiffs, or a codefendant and a person not a party, or against such person alone, upon his being brought in; *but in all such cases such relief must involve or in some manner affect the contract, transaction or property which is the subject matter of the action or relates to the occurrence out of which the action arose.* Such relief may be demanded by a cross complaint or counterclaim, served upon the party against whom the relief is asked or upon such person not a party, upon his being brought in.

"(2) The court or the judge thereof may make such orders for the service of the pleadings, the proceedings in the cause, and the trial of the issues as are just.

"(3) The provisions of this chapter with respect to demurrers and answers to complaints apply to and govern pleadings to cross complaints and third-party complaints, except that no answer need be made to a cross or third-party complaint seeking only contribution, the allegations thereof being deemed controverted.

"(4) A cross complaint may be served without leave of court within 40 days after issue is joined in the original action. Thereafter leave of court on notice and hearing or stipulation of the parties must be obtained." (Emphasis added).

The third-party defendants argue that sec. 263.15 permits the defendant to seek relief against other defendants already in the action, or against other persons only after they are brought into the action pursuant to sec. 260.19. Sec. 260.19, Stats. 1973, provides, in part:

"Adding new parties by defendants.

"(1) When a complete determination of the controversy in court cannot be had without the joinder of other parties, the defendant desiring the joinder of such parties shall serve on each of them a third-party summons, third-party complaint and a copy of all prior pleadings. Such parties shall be indicated as third-party defendants.
". . .

"(5) A defendant in an action for debt or specific property or for the conversion thereof may, if a person, not a party to the action and without collusion with him, makes against him a demand for the same debt or property, apply and the court may on due application substitute such person in his place and discharge him from liability on his depositing in court the amount of the debt or delivering the property or its value as the court may direct.

"(6) A defendant, who if he be held liable in the action, will thereby obtain a right of action against a person not a party may implead such person as provided in sub. (1)."

Paulos argues that the test in sec. 263.15 determines when a third-party action may be commenced; and that under sec. 263.15, his third-party action is proper. In the alternative, he argues that even under sec. 260.19, he

is entitled to commence a third-party action. He points out that under sec. 260.19 (6), he may implead a person against whom he will obtain a right of action if he is held liable in the principal action. He argues that he became damaged as a consequence of the duress and fraud exercised by the third-party defendants and that, therefore, they are individually and jointly liable to him for the damages he sustained.

The third-party defendants are correct in their argument that sec. 263.15, Stats. 1973, does not set the test for determining when a third-party action may be commenced. Sec. 263.15 determines the situation in which pleadings may be served upon persons already parties to the action or upon persons who may be made parties under other statutes. Ch. 263 is concerned with pleadings whereas ch. 260 is concerned with civil actions and the parties thereto. Several sections in ch. 260 discuss who may be parties to actions. Sec. 260.19 is concerned with "Adding new parties by defendants" and establishes the standard by which third-party actions may be commenced. If a person is added to an action by a third-party complaint prepared pursuant to sec. 260.19, then sec. 263.15 determines what additional pleadings by other parties in the action may be served upon the third-party defendant. *Cf. Bolton v. Chicago Title & Trust Co.,* 64 Wis.2d 714, 717, 221 N.W.2d 911 (1974), wherein the Court said that subsection (3) of sec. 263.15 applies to the procedural rules set forth in ch. 263 and not to the substantive rights of pleading causes of actions.

Therefore, the trial court erred in relying on sec. 263.15 in overruling the demurrer. However, this conclusion does not dispose of the appeal because the order would still be proper if the third-party action could be brought under sec. 260.19.

Sec. 260.19 (6), Stats. 1973, provides:

"(6) A defendant, who if he be held liable in the action, will thereby obtain a right of action against a person not a party may implead such person as provided in sub. (1)."

Paulos argues that this subsection entitles him to commence a third-party action because he has alleged that he was damaged by the third-party defendants' program of duress and fraud; and, therefore, they are individually and jointly liable to him for the damages he sustained.

The third-party defendants argue that this argument is faulty because if Paulos is found liable for the notes, it will be because his affirmative defenses of fraud and duress have been rejected, in which case he would lose his claim against the third-party defendants also.

Again, the third-party defendants are correct. Subsection (6) of sec. 260.19 does not apply to this case because if Paulos establishes his affirmative defense to the notes he wins the principal action against the plaintiffs and does not obtain a right of action against the third-party defendants.

The trial court's order overruling the demurrer must be reversed and the case remanded to the county court for further proceedings.

*By the Court.*—Order reversed and case remanded for further proceedings consistent with this opinion.